JACOB R. STEINER v. DENNIS M. SULLIVAN and Another.

December 8, 1898.

Nos. 11,492—(267).

Salaries of District Judges—Sp. Laws 1887, c. 376—Constitution.

Sp. Laws 1887, c. 376, entitled "An act to increase the compensation of the judges of the district court of Ramsey county," which provides that the county shall pay to each of the judges of such court the sum of $1,500 annually, is constitutional.

Action in the district court for Ramsey county to restrain defendants, the auditor and treasurer, respectively, of that county from paying out of the county funds the additional compensation of $1,500 per annum allowed by Sp. Laws 1887, c. 376, as amended by Sp. Laws 1889, c. 129, to each of the judges of said county. From an order sustaining defendants' demurrer to the complaint, Searle, J. (designated by the governor to try the questions involved in this case), plaintiff appealed. Affirmed.

A. R. Capehart, for appellant.

There cannot be two rules of apportionment, for the same tax, in the same district. Cooley, Taxn. 180; Exchange v. Hines, 3 Oh. St. 1. The case at bar is to be distinguished from Hamilton

v. St. Louis, 15 Mo. 1, and People v. Edmunds, 15 Barb. 529; but see Hall v. Hamilton, 74 Ill. 437. In the performance of duty, a public officer is only entitled to such compensation as the law provides for the services rendered. Warner v. Grace, 14 Minn. 364 (487). The first requisite of a lawful tax is, that it shall be for a public purpose, and this is a question of law. Cooley, Taxn. 42. In local taxation there must be some benefit to the people of the locality, not common. to the people of the state. Burroughs, Taxn. § 26; Dorgan v. City, 12 Allen, 223; Hammett v. Philadelphia, 65 Pa. St. 146, 151. A state purpose must be accomplished by state taxation, a county purpose by county taxation. Cooley, Taxn. 105, 106; Sharpless v. Mayor, 21 Pa. St. 147, 174; Board v. Weider, 64 Ill. 427; Burr v. City, 76 Ill. 455. Municipalities cannot be compelled, against their will, to impose tax burdens upon themselves. Freeland v. Hastings, 10 Allen, 570; Merrick v. Inhabitants, 12 Allen, 500; Board v. Weider, supra; Burr v. City, supra; Mills v. Charleton, 29 Wis. 401, 413; People v. Common, 28 Mich. 228. There must be distinct legislative authority for every tax that is levied. Cooley, Taxn. 474. While the county commissioners may levy any tax which by special law they may be authorized to levy (G. S. 1894, § 1558), yet such a power must be strictly construed. Cooley, Taxn. 209; Vanover v. Davis, 27 Ga. 354; McCormick v. Fitch, 14 Minn. 185 (352); and express legislative authority must first be granted. Merrick v. Inhabitants, supra; Marks v. Trustees, 37 Ind. 155.

*Young & Lightner, Squires & Cutcheon, Palmer & Beek* and *S. A. Anderson,* for respondents.

Const. art. 1, § 13, has been interpreted by this court to mean that the taxes must be laid upon the various localities of the state in proportion, as nearly as may be, to the benefits to be received by them respectively, and that, in any given district, taxes must be apportioned in proportion to the value of its estates under some uniform rule. Comer v. Folsom, 13 Minn. 205 (219); Maltby v. Tautges, 50 Minn. 248, 253. Where the benefits to be derived from funds raised by taxation are partly enjoyed by the state, and partly by a given locality or by given localities in different degrees, the

whole burden may be imposed by the legislature on the locality having the primary interest. 25 Am. & Eng. Enc. 99, and cases cited; Maltby v. Tautges, supra; Town v. Park, 50 Vt. 178; Davock v. Moore, 105 Mich. 120; Hingham v. County, 6 Allen, 353; Com. v. City, 103 Mass. 129; Kirby v. Shaw, 19 Pa. St. 258; Board v. City, 42 Pa. St. 209; City v. Field, 58 Pa. St. 320; Township v. Comry, 103 Pa. St. 362; Cheaney v. Hooser, 9 B. Mon. 330. Or the legislature may impose a part of the burden upon the locality or localities specially benefited, and a part upon the state at large. Cooley, Taxn. (2d Ed.) 153; 25 Am. & Eng. Enc. 99, and cases cited; Guilder v. Town of Otsego, 20 Minn. 59 (74); Thomas v. Leland, 24 Wend. 65; Gordon v. Cornes, 47 N. Y. 608; Merrick v. Inhabitants, 12 Allen, 500; Inhabitants v. County, 13 Pick. 60; Marks v. Trustees, 37 Ind. 155; Township v. Comry, supra; State v. City, 15 La. An. 354; Briggs v. Johnson, 4 Dill. 148. The power to tax carries with it the power to apportion the tax, and when this power resides in a co-ordinate branch of the government, the court cannot control or review its exercise. See Guilder v. Town of Otsego, supra.; Guilder v. Town of Dayton, 22 Minn. 366; Maltby v. Tautges, supra; Spencer v. Marchant, 100 N. Y. 585. For cases similar to the one at bar, see People v. Edmunds, 15 Barb. 529; Board v. Davis, 136 Ind. 503; City v. Menzies (Ky.) 24 S. W. 242.

A law directing the levy of taxes must be clearly in conflict with the constitution to authorize a court to declare it unconstitutional. Sanborn v. Commissioners of Rice Co., 9 Minn. 258 (273); State v. Cronkhite, 28 Minn. 197; State v. District Ct. of Hennepin Co., 33 Minn. 235.

Similar laws have been enacted, both in Minnesota and in other states, and their constitutionality has never been questioned. (Minnesota) Sp. Laws 1885, c. 257; Sp. Laws 1887, c. 368; (California) Political Code, § 737; (Illinois) 1 Starr & Curtis, 1118; (Indiana) 1 R. S. 1894, § 1488; (Missouri) 2 Wagners St. 1234; (New York) Laws 1868, cc. 765, 854; (Ohio) 1 Smith & Benedict R. S. 1890, §§ 455, 1284, 1290, 1292b.

A practical construction of the constitution which has been adopted, and followed, in good faith by the legislature and the people for many years is always entitled to receive great considera-

tion from the courts. City of Faribault v. Misener, 20 Minn. 347; State v. Moffett, 64 Minn. 292.

START, C. J.

Is Sp. Laws 1887, c. 376, entitled "An act to increase the compensation of the judges of the district court of Ransey county," which provides that the county shall pay to each of the judges of such court annually the sum of $1,500, constitutional? This is the only question presented by the record for our decision.

1. The appellant's first contention is that the act imposes a special tax on the county of Ramsey, to pay extra compensation to the judges of the second judicial district, which is identical in territorial area with the county of Ramsey, and is therefore in conflict with article 9, § 1, of the state constitution, which, so far as here material, provides that all taxes to be raised in this state shall be as nearly equal as may be.

This mandate of the constitution requires that all taxes must be relatively as fair, just and equal as may be. The attainment of absolute equality in the levying of taxes is an impossibility, but nevertheless all revenue laws must be relatively as fair, just and equal to all property owners and all political subdivisions of the state as it is feasible to secure. Thus, a single county cannot be compelled to tax itself for a purpose which will benefit all parts of the state in the same degree, nor can all of the counties of the state be taxed for the exclusive benefit of a single county. If the purpose for which a tax is levied be for the general public weal, and concerns and benefits the whole of the people of the state substantially alike, then the state should bear the entire burden of the tax. If the purpose be one which primarily benefits particular political subdivisions of the state, the whole burden may be placed upon them, although the state at large be incidentally benefited thereby.

Again, when the purpose for which taxes are to be levied is primarily for the general benefit of the whole state, and it also directly benefits some particular locality or district to a greater extent than it does the other localities of the state, the legislature may impose such portion of the burden as it deems fair and equal upon the locality specially benefited. Whether the burden of taxation shall

be so apportioned in a given case, and upon what basis, is a legislative question, which cannot be reviewed by the courts, unless it is clearly manifest that the action of the legislature in the premises was arbitrary and the tax unequal. Guilder v. Town of Otsego, 20 Minn. 59 (74); Maltby v. Tautges, 50 Minn. 248, 52 N. W. 858; Cooley, Taxn. 153.

The appellant does not question these propositions, but claims that the rule that the legislature may impose a part of the burden of taxation for a particular purpose upon the political subdivision or subdivisions of the state specially benefited thereby and the remainder upon the state at large has no application to this case. His position is, in brief, that the judges of the district courts of the state are state officers, and belong to the judicial department of the state government; that it is as incumbent upon the state to pay their salaries out of the state treasury as it is to provide compensation for the members of the executive and legislative departments; and that it is the duty of the state to provide the means to keep the machinery of each of the departments in operation; hence the salaries of the judges of the district court of Ramsey county are a charge exclusively on the state treasury.

It might as well be claimed that the cost of keeping the court open must be paid by the state. It is true that the judges of the district court belong to the judicial department; that it is incumbent on the state to provide for the payment of their salaries; but it does not logically follow that it can make the payment of their salaries a charge upon the state treasury only. There is nothing in the constitution to prevent the legislature from making the salaries of the judges of the district courts a charge upon their respective districts. The argument of appellant, pushed to its logical conclusion, would require the legislature to make the compensation of judges of the probate courts a charge exclusively upon the state treasury. They belong to the judicial department of the state. Const. art. 6, § 1. It is the duty of the state to provide for their compensation, but it has done so by making it a charge exclusively upon the county treasuries of their respective counties, and it has never been suggested that the law was unconstitutional. The fact that the judges of the district court of the county of

Ramsey belong to the judicial department is no reason why the legislature might not make the payment of a part of their salaries a charge on the county.

The question whether the act under consideration is in conflict with the mandate of the constitution, requiring that all taxes shall be as nearly equal as may be, depends on the answer to be given to the further question, whether the county of Ramsey is directly and specially benefited, by the administration of justice by the district court of the county, in a greater degree than other counties of the state are so benefited by the district courts of their respective districts.

This was a question for the legislature, and, if it fairly determined that Ramsey county was so specially benefited, it had the undoubted right to require the county to pay such part of the salaries of the judges as it deemed just and equal. The legislature may well have found that Ramsey county did receive such benefits by reason of its greater relative wealth and population, and the amount and importance of its litigation; and, further, that it was necessary, on account of local causes, in order to secure competent judges, to pay them a greater salary than the state paid to the judges of other districts. Having conclusively determined these two propositions, the legislature had the constitutional right to increase the salaries, and make the burden of the increase a charge on the county. No presumption that its action in the premises was unfair or unequal is to be indulged in, for the purpose of assailing the constitutionality of the law, until something appears affirmatively to the contrary. Nothing appears to the contrary in this case, but, on the contrary, it is apparent that there were good reasons why the legislature should have enacted the law in question. It does not contravene the provisions of article 9, § 1, of the constitution, requiring that all taxes shall be as nearly equal as may be.

2. The appellant also claims that this law violates the provisions of article 6, § 6, of the constitution, which provides that the judges of the supreme and district courts shall receive such compensation, at stated times, as may be prescribed by the legislature, which shall not be diminished during their continuance in office, but they shall receive no other fee or reward for their services.

It is conceded that this section does not prohibit the increase of the salaries of the judges during their continuance in office. The prohibition to the effect that the judges shall receive no other fee or reward than the stated compensation prescribed by the legislature was intended to prevent the charging of fees to litigants for the benefit of the judges, and the payment to them of special compensation for particular or extra services. But it is not a limitation on the power of the legislature to prescribe, from time to time, the amount of such stated compensation (except that it cannot reduce the stated compensation of a judge during his continuance in office), or to provide for the manner of its payment, as it deems just and equal. There is nothing in this section of the constitution that requires that any increase in the compensation of the judges of one district must apply to the judges of all of the other districts, and be paid by the state out of its general revenue fund, as appellant claims. It is to be noted that the law here in question was enacted prior to the adoption of the constitutional amendment of 1892 relating to special legislation. The increased stated compensation to the judges of the county of Ramsey prescribed by the legislature by the act under consideration was not "other fee or reward for their services," within the meaning of the constitution, but a part of the prescribed compensation which they were entitled to receive at stated times.

3. It is further urged that the county commissioners of the county of Ramsey have no power to levy the amount required by this law upon the taxable property of the county. The legislature having properly placed the burden of paying the increase in the salaries of the judges upon the county, it necessarily follows that the purpose for which the taxes to meet the burden must be levied is a county purpose, and that the county commissioners are fully authorized to raise the necessary funds for such purpose by taxation.

4. The appellant's last claim is that the law is in the nature of an act of confiscation, and in violation of the spirit of article 1, § 13, of the constitution, which forbids the taking of private property for public use without just compensation therefor first paid or se-

cured. It is a sufficient answer to this claim to refer to the first subdivision of this opinion.

Order affirmed.