VILLAGE OF ROBBINSDALE v. COUNTY OF HENNEPIN.[1]

February 13, 1937.

No. 31,104.

*Nicholas Doll* and *Coursolle, Preus & Maag,* for appellant.

*Frank J. Williams,* Assistant County Attorney, for respondent.

*Edmund T. Montgomery,* for Village of St. Louis Park, and *Allan L. Johnson* and *Raymond S. Lammers,* for Town of Minnetonka, filed separate briefs *amici curiae* in support of the contention of appellant.

[1]Reported in 271 N. W. 491.

*R. S. Wiggin,* City Attorney, and *John F. Bonner,* Assistant City Attorney of Minneapolis, and *Keyes, Pardee & Solether, amici curiae,* filed separate briefs in support of the contention of respondent.

DEVANEY, CHIEF JUSTICE.

Action brought by the village of Robbinsdale to recover from the county of Hennepin the sum of $19,117.75, representing 75 per cent of amounts in excess of one mill on the taxable value of properties in the plaintiff village expended for poor relief during the years 1931, 1932, 1933, and 1934.

Since 1889 there have been in effect in Minnesota two systems of administering poor relief. In some counties the poor are cared for locally by the town, village, or city. In others poor relief is administered by the county. The system of caring for the poor in counties for which they are chargeable on the county is known as the "county system"; that in which they are chargeable on the towns, villages, and cities is known as the "town system." See 1 Mason Minn. St. 1927, § 3160.

The town system of caring for the poor in Hennepin county was established by Sp. L. 1879, c. 324, and has been in effect continuously since that time.

The particular statute involved herein is 1 Mason Minn. St. 1927, § 3195, which provides that in counties where the town system is employed any town, village, or city of the third and fourth class shall be entitled to be reimbursed by the county for 75 per cent of the amount expended for poor relief in any calendar year in excess of one mill of the taxable value of the property in such town, village, or city of the third or fourth class.

Plaintiff village, during the years 1931, 1932, 1933, and 1934, expended for poor relief a total of $31,613.61. Seventy-five per cent of this amount in excess of one mill on the taxable value of property within the village in each given year is $19,117.75, the amount which plaintiff asks in this action.

The county in this action resists payment upon the ground that § 3195 is unconstitutional in violation of Minn. Const. art. 9, § 1,

which provides that taxes shall be uniform upon the same class of subjects.

The trial court held in accord with defendant's contention that § 3195 is unconstitutional and void in violation of the above cited section. The court made findings of fact and conclusions of law and ordered judgment for defendant. This is an appeal from the judgment entered.

Only two questions need be considered:

(1) Does art. 9, § 1, of the state constitution apply to distribution of taxes already levied and collected?

(2) Was the distribution herein authorized by § 3195 unconstitutional in violation of art. 9, § 1, of the state constitution?

■ Minn. Const. art. 9, § 1, provides in part as follows:

"Taxes shall be uniform upon the same class of subjects, * * *."

It is plaintiff's contention that as the matter involved here is the distribution of taxes already levied and collected the above clause, which is known as the "uniformity clause," does not apply. The argument is that as the levy made is upon all property and is spread uniformly throughout the county in the same manner as other county levies, the requirement of uniformity is satisfied. We do not agree.

There is no sound basis for the contention of plaintiff. The argument made is a technical one and asks that a distinction be made between distribution of tax proceeds and the tax levy itself with regard to the question of improper classification. It is obvious that a tax may be just as discriminatory by means of distribution of proceeds obtained by a uniform tax levy as it may be by discriminating the actual levy of the tax. Furthermore, to so hold would be to open the way for circumvention of the requirement of uniformity imposed by art. 9, § 1, of the constitution.

In State ex rel. City of New Prague v. County of Scott, 195 Minn. 111, 261 N. W. 863, this court held in a similar case that a nonuniform method of distribution of taxes collected by a county was the same in legal effect as a nonuniform levy and collection of a tax by a county. See also discussion in 20 Minn. L. Rev. 234. The

law then in this state is settled that the uniformity clause in the state constitution, art. 9, § 1, applies with equal force to distribution of tax proceeds as well as to the levy and assessment of same, and there is no basis for disturbing the trial court's decision on this ground.

Under the town system of caring for the indigent in various political subdivisions, each subdivision, whether it be city, village, or town in Hennepin county, must levy and collect all taxes needed and expend same in the administration of poor relief. After this is done, cities of the third and fourth class are given a right to be reimbursed by Hennepin county for a certain portion of the amount paid for poor relief. Cities of the first and second class, after taxing for poor relief and administering the proceeds, are given no recourse to the county. The city of Minneapolis is a city of the first class and pays approximately 92 per cent of the taxes levied by the county of Hennepin. It is obvious, then, that under the provisions of this statute the city of Minneapolis is compelled not only to pay for the support of its own destitute residents but also to pay a large share of the cost for the support of indigent residents in cities and villages of the third and fourth class, among them the plaintiff village.

Appellant's argument is that as the care and succor of the unfortunate and needy is in the public interest it is proper to levy taxes for that purpose. It is also argued that the county is a proper taxing unit for securing funds for the discharge of county obligations. These propositions may both be conceded, but they do not assist us in reaching a decision herein.

The matter of relief under the town system is not a matter of county concern. It is not the obligation of the county but of its political subdivisions. The duty of providing relief and levying taxes therefor is on each individual city, village, or town. Each is obliged to look after its own residents. Only after that is done does the statute give the village or town a right of reimbursement from the county. The error into which the plaintiff has fallen is the failure to note that the legislature in providing for the town system did not make relief an obligation of the county, but rather

of its particular political subdivisions. The distinction is merely the comparison of the county system and the town system; in the former the law provides for relief as a county obligation. Where such is the case it is undoubtedly proper for the county as a unit to administer relief within its boundaries as is necessary and proper without particular regard to lines bounding political subdivisions.

Ultimately, then, the question raised is whether the legislature may require the county to reimburse a village for the discharge of a duty which has been imposed upon the village by statute; whether it may decree that the whole be taxed for the benefit of one of its parts to the exclusion of, and consequently greater cost to, another part. We hold that it cannot. It is settled law in this state that where it clearly appears that the tax imposed in no way pertains to the district taxed and that it was imposed and apportioned without any reference whatsoever to any special interest on the part of such district in the purpose to be accomplished, the tax so imposed is unconstitutional as in violation of the uniformity clause, Minn. Const. art. 9, § 1. Maltby v. Tautges, 50 Minn. 248, 252, 52 N. W. 858; Steiner v. Sullivan, 74 Minn. 498, 77 N. W. 286.

The tax imposed here is of special interest only to the village of Robbinsdale and to villages in the same class. No benefit is derived therefrom by cities in the first and second class which pay the large share of the county taxes. Reimbursement here amounts to nothing more than payment by the county, and hence certain of its political subdivisions, of the obligations imposed by law on other political subdivisions. Obviously § 3195 violates the uniformity clause, and the court did not err in so holding.

The judgment must be and the same hereby is affirmed.

Mr. Justice Stone took no part in the consideration or decision of this case.