## Washburn, Mayor, et al. v. Paducah Newspapers, Inc., et al.

(Decided Oct. 7, 1938.)

(As Modified on Denial of Rehearing Dec. 2, 1938.)

W. V. EATON for appellants.

WALLER & THRELKELD for appellees.

OPINION OF THE COURT BY JUDGE RATLIFF—Reversing.

The appellees, who were plaintiffs below, brought this suit in the McCracken circuit court seeking a writ of mandamus against the appellants, defendants below, as Mayor, City Manager, members of the Board of City Commissioners, and Treasurer of the City of Paducah, requiring them to cause to be published in the Paducah Sun-Democrat, the official paper for the City of Paducah, which is published by the plaintiff, an itemized account of all money received and paid out by the City of Paducah during the fiscal years of 1936 and 1937. It is alleged in the petition that it has been and is the duty of the defendants as officers of the City of Paducah to prepare and cause to be published in said official paper at the expiration of each fiscal year an itemized sworn statement of all public funds of the city, collected, received, held and disbursed by them or either of them during the fiscal year just closed showing the amount of public funds collected and received and from what source received, the amount disbursed, the date of each disbursement, for what purpose it was expended, and to whom paid, and to procure and include or attach to said statement as a part thereof a certificate from the cashier or other proper officer of the bank or banks in which said funds are or have been during the past year to the credit of said defendants, and each of them, within 30 days after the close of each fiscal year and in January of each year, causing such statement to be published in full in said newspaper. It is further alleged that the defendants and each of them had failed and refused to publish in January 1937, or any month or time, such statement during the preceding fiscal year, 1936, and likewise failed to have published such statement for the year 1937. The allegations of the petition follow substantially the language of section 3747a-1 of the Kentucky Statutes, and also refer to section 3075 of the statutes as authority for their position. The relief prayed conforms to the allegations of the petition.

The defendants filed a demurrer to the petition and without waiving same, filed their answer denying the allegations of the petition and pleaded affirmatively that at all times complained of in the petition they had caused to be published in the said newspaper an audit and financial statement as required by section 3235dd-39 of the Kentucky Statutes, which is a part of the charters of second class cities operating under the City Manager form of government, enacted at the 1930 ses-

sion of the General Assembly of Kentucky, being Chapter 91 of said Acts, authorizing second class cities to operate under the City Manager form of Government, and, that that section of the statute superseded and repealed sections 3075 and 3747a-1 and that a publication of the audit made and prepared by the auditor required by Section 3235dd-39 is the only publication of a financial statement necessary or required under the charters of second class cities operating under City Manager form of government; that since the year 1934 the City of Paducah had been operating under City Manager form of government and that defendants had complied with section 3235dd-39 of the Kentucky Statutes each and every year since 1934.

The court overruled a demurrer to the petition but sustained a demurrer to the answer and defendants failing to plead further the court entered judgment against defendants in accordance with the prayer of the petition. Hence this appeal.

Section 3747a-1 is a general statute which was enacted at the 1926 session of the General Assembly and amended at the 1928 session, and is not a part of the charters of or restricted to any particular class of cities. That section of the statute so far as is pertinent, reads:

"Every public official of any county, graded school district, city, town or subdivision or district, less than a county, whose duty it is, by virtue of his office, to collect, receive, have the custody, control or disbursement of public funds of said county, graded school district, subdivision or district of said county, city or town, except in counties containing a city of the first class or a county or city which by law is required to make quarterly publication of its fiscal and financial affairs; shall at the expiration of each fiscal year prepare an itemized, sworn statement of such funds so collected, received, held or disbursed by him during the fiscal year just closed, which statement shall show the amount of public funds collected and received and from what sources received; the amount disbursed, the date of each disbursement, for what purposes expended and to whom paid; and said official shall procure and include in or attach to said report as a part thereof a certificate from the cashier, or other

proper officer of the bank or banks in which such funds are or have been during the year past deposited, showing the balance, if any, of such public fund or funds to the credit of the official making such statement; and such officer shall within thirty days after the close of the fiscal year cause such statement to be published in full in a newspaper published in said county which has the largest circulation therein, and said officer shall file a written or printed copy of said statement, subscribed and sworn to, in the office of the clerk of the county court of the county in which said officer resides, or holds office.''

Section 3075 of the statutes reads: ''The general council shall annually, in January of each year, publish an itemized account of all money received and paid out during the preceding fiscal year.'' This section of the statute is a part of the charters of cities of the second class and was enacted in 1894.

It is thus seen that section 3235dd-39, which is also part of the charters of cities of the second class and a part of the Act of 1930 permitting such cities to operate under City Manager form of government, was enacted subsequently to sections 3075 and 3747a-1. The sole question presented in this appeal is whether or not section 3235dd-39 repeals and supersedes sections 3075 and 3747a-1 relied on by the plaintiffs, as to the method of accomplishing the purpose intended to be accomplished under previous statutes. Section 3235dd-39 reads:

''At the termination of each fiscal year an annual audit shall be made of all the accounts of all city officers. The board of commissioners shall require said audit to be made of said accounts, by qualified public accountants, selected by the board of commissioners, who have no personal interest, direct or indirect, in the financial affairs of the city, or of any of its officers or employees, and the board of commissioners shall cause the result of such examination to be published in the official newspaper and in pamphlet form, and a copy of the report in pamphlet form shall be given to each voter who may apply for same at the proper office. Provided, further, that the board of commissioners may, at any time, provide for an examination or audit of the accounts of any officer or department of the city government.''

Plaintiffs virtually concede in their brief that it is the duty of the defendants to publish the audit and financial statement required by section 3235dd-39, but insist that this section of the statute merely supplements sections 3075 and 3747a-1 but does not repeal or modify them and it is yet the duty of defendants to publish in the paper the detailed itemized financial statement required by those sections, particularly section 3747a-1.

The title to Chapter 91 of the Acts of 1930, in which section 3235dd-39 is now incorporated and made a part, reads: "An Act relating to the government of cities of the second class in the Commonwealth of Kentucky." The Act provides for the procedure to be had bringing the city under the city manager form of government. Section 24 of the Act provides for an annual audit and publication thereof, of the cities' financial affairs, in the language of section 3235dd-39. Section 36 of the Act (Kentucky Statutes, sec. 3235dd-51) repeals all acts, or parts of acts, in conflict therewith to the extent of such conflict.

It is to be noticed that section 3075 of the statutes enacted in 1894, merely provides that the general council shall publish an itemized statement of all money received and paid out during the preceding fiscal year, but does not detail or specify the manner or extent thereof, or by whom made, except that it shall be published by the general council.

Section 3235dd-39 provides that the Board of Commissioners shall cause an audit to be made of all the accounts of the city officers, which audit shall be published in the paper. It appears that such audit as is required under section 3235dd-39 is a substantial compliance with section 3075 of the statutes.

We will now consider section 3747a-1 as amended by the Acts of 1928, relating to the General Council form of government, and section 3235dd-39, relating to City Manager form of government. The former section requires the officers whose duty it is by virtue of their offices to collect, receive or disburse public funds of the municipalities or other taxing districts named therein, to prepare *their own* statement of such funds so collected, received, held or disbursed by them, while the latter requires the board of commissioners to appoint *an auditor who has no personal interest, direct, or in-*

*direct,* in the financial affairs of the city, or any of its officers or employees, to audit the accounts of such officers, instead of requiring the officers, who might be interested in their own protection and behalf, to make up their *own* financial statement, and, expressly repeals all laws and parts of laws in conflict therewith.

Plaintiffs rely upon the rule that repeal by implication is not favored and will not be sanctioned unless there is such irreconcilable conflict between the two acts as to make them impossible of administration, and insist that it is possible to give effect to all three of the statutes involved, citing Dreidel v. City of Louisville, 268 Ky. 659, 105 S. W. (2d) 807; Wood v. Com., 229 Ky. 452, 17 S. W. (2d) 440. If section 3235dd-39 is actually in conflict with section 3747a-1 as to the method of accomplishing the purpose intended to be accomplished by section 3747a-1, the former expressly repeals the latter, and the rule of repeal by implication does not have to be resorted to.

The object or end to be accomplished by publication of a statement of the city's financial affairs is for the information of the public, particularly the taxpayers of the city. It must be conceded that it was not intended by section 3235dd-39 to repeal the purpose or object to be attained by previous statutes; or, stated differently, to repeal previous laws requiring *any* statement to be published. But it is clear that section 3235dd-39 does repeal the method of accomplishing the same end intended by previous statutes by substituting an audit to be made as provided in section 3235dd-39 and a publication of that audit as a substitute for the statements required to be made and published by the city officials required by section 3747a-1.

In construing conflicting or apparently conflicting statutes the courts will endeavor to ascertain and follow the legislative intent and in doing so the subject matter, necessity, or lack of necessity, of giving effect to both or all sections of such statutes will be taken into consideration. It will not be presumed that the legislature intended a useless or futile thing. If a later statute accomplishes the same purpose intended to be accomplished by a previously enacted statute but by obviously different methods and in a different manner, the later statute supersedes and repeals the earlier one. Com., etc., v. Hargis Bank & Trust Co., 233 Ky. 801, 26 S. W.

(2d) 1045. This would be true even by implication; but where the later statute specifically repeals all statutes and parts of statutes in conflict therewith, there is no escape from the conclusion that it repeals previously enacted statutes to the extent of such conflict.

In 59 C. J. 910, section 513, the rule is thus stated: "As hereinafter stated, a statute may repeal an earlier one by implication where it covers the whole subject matter of, and is intended to be a substitute for, the earlier one * * *." See, also, on this subject, 59 C. J., sections 514 to 522, inclusive.

While the whole law of the second class cities is not embraced in the Acts of 1930 of which section 3235dd-39 is a part, it appears that it is intended to cover the whole matter of publication of financial statements of second class cities operating under city manager form of government.

It is our conclusion, therefore, that it was the intention of the legislature in enacting section 3235dd-39 (1930 Act) to supplant the old method of requiring the officers who receive and disburse funds of the city to prepare their own statement of their accounts according to their interpretation and conclusion, and substitute therefor a disinterested auditor employed by the Board of Commissioners to make an audit of the accounts of such officers and cause the result of such examination or audit to be published in the official newspaper. It is our conclusion, therefore, that the Act of 1930 (section 3235dd-39) repeals the 1928 Act (section 3747a-1) with reference to the method of publication of statements of the financial affairs of second class cities operating under the City Manager form of government, and the publication required by Section 3235dd-39 is all that is necessary or intended by the legislature.

Wherefore, the judgment is reversed.

Whole court sitting.