CITY OF JACKSON v. COUNTY OF JACKSON.[1]

January 29, 1943.

No. 33,350.

[1]Reported in 7 N. W. (2d) 753.

*Karl L. Rudow* and *Frundt & Morse,* for appellant.

*L. A. Paulsrude,* County Attorney, and *Finstad & Ruenitz,* for respondent.

PETERSON, JUSTICE.

The city of Jackson seeks to recover from the county of Jackson, wherein it is located, under Minn. St. 1941, § 263.09 (Mason St. 1927, § 3195), 75 percent of the expenses of the city for poor relief during the year 1935 in excess of one mill of the taxable value of the property in the city.

Plaintiff is a city of the fourth class. Relief of the poor in the county is provided for under the town system. During the year 1935 the city expended for poor relief $4,257.09 in excess of one mill of the taxable property therein. It claims reimbursement from the county under the statute for 75 percent of that amount, or $3,192.82. There is no city of the first or second class in Jackson county.

Judgment below was that § 263.09 is unconstitutional and that plaintiff is not entitled to recover. Plaintiff appeals.

In Village of Robbinsdale v. County of Hennepin, 199 Minn. 203, 271 N. W. 491, we held that § 263.09 is unconstitutional upon the

ground that it violates the uniformity of taxation clause of Minn. Const. art. 9, § 1.

Plaintiff contends that in the Robbinsdale case § 263.09 was held unconstitutional only insofar as it applied to Hennepin county, but not otherwise, and that it has constitutional application in the instant case. The argument is that in the Robbinsdale case lack of uniformity resulted from discriminatory distribution of county funds raised by taxes levied and collected throughout the county by giving to towns, villages, and cities of the third and fourth class a right to reimbursement for a portion of their expenses for poor relief, which was denied to the city of Minneapolis, a city of the first class, because approximately 92 percent of all taxes in the county were levied and collected in Minneapolis, and that there is no lack of uniformity here, because *all* municipalities in Jackson county, with no exclusion whatever, since there are no cities of the first or second class in the county, are entitled to reimbursement under the statute upon equal terms. Further, it is urged that the enactment of L. 1937, c. 286, §§ 1, 2, Minn. St. 1941, § 263.10 (Mason St. 1940 Supp. §§ 3195-1, 3195-2), covering the same ground as § 263.09, with the change only that the portion of such expenses to be paid by a county shall be its direct obligation without any clause referring to, amending, or repealing that section, evinces a legislative intent to continue in effect § 263.09 for the purpose of saving all rights accrued thereunder, and that plaintiff has such an accrued right to reimbursement in the instant case.

Defendant counters that we held § 263.09 unconstitutional in its entirety, not upon the grounds claimed by plaintiff, but upon the broader grounds that it made the duty of providing poor relief a matter of town, village, and city, but not county, obligation, and that a tax imposed on the county to pay the obligations of other municipalities violates the uniformity clause, thus rendering the statute unconstitutional not only as applied to the particular facts in the Robbinsdale case, but *in toto* and as applied to the instant one. Further, it is urged that, since we held the statute entirely

unconstitutional, no repeal was necessary to make it less effective.

■ The scope and effect of our decision in the Robbinsdale case is to be determined by what we there held. Following the rule that a nonuniform distribution of taxes is violative of Minn. Const. art. 9, § 1, requiring all taxes upon the same class of subjects to be uniform, as being in legal effect the same as a nonuniform levy thereof, we held that the provisions of § 263.09, for reimbursement out of funds raised by county taxes of its political subdivisions for a portion of their poor relief expenses under the town system of administering poor relief, violated the uniformity of taxation provisions of the constitution by providing for a nonuniform distribution of county tax funds, for the reasons: (1) That under the well settled construction of that clause of the constitution the purpose of a tax must pertain to the district taxed; (2) that, while the administration of poor relief might properly be made a matter of county concern and obligation, § 263.09 made relief of the poor, under the town system, not the obligation or concern of the county, in whole or in part, but that exclusively of its political subdivisions; and (3) that the use of county funds for such reimbursement did not pertain to any purpose of the county, the district taxed, but exclusively to purposes of its political subdivisions, in which they only were concerned and in which the county had no legitimate interest. We said (199 Minn. 207, 271 N. W. 493):

"It is settled law in this state that where it clearly appears that the tax imposed in no way pertains to the district taxed and that it was imposed and apportioned without any reference whatsoever to any special interest on the part of such district in the purpose to be accomplished, the tax so imposed is unconstitutional as in violation of the uniformity clause, Minn. Const. art. 9, § 1. * * *

"The tax imposed here is of special interest only to the village of Robbinsdale and to villages in the same class. No benefit is derived therefrom by cities in the first and second class which pay the large share of the county taxes. Reimbursement here amounts

to nothing more than payment by the county, and hence certain of its political subdivisions, of the obligations imposed by law on other political subdivisions. Obviously § 3195 [§ 263.09] violates the uniformity clause, and the court did not err in so holding."

The basic reason for our decision, that a county's funds cannot be used to pay the obligations imposed by law on its political subdivisions without violating the uniformity of taxation clause of the constitution, applies with equal force here and in every case where such a use of county funds is attempted the same as in the Robbinsdale case. In effect we held that § 263.09 is unconstitutional in its entirety upon the broad grounds urged here by defendant and that it can have no valid application in any county. Consequently, plaintiff has no right to reimbursement thereunder against defendant.

■ It was not the legislative intent that L. 1937, c. 286, §§ 1, 2, Minn. St. 1941, § 263.10, should continue § 263.09 in effect to save any rights claimed to have accrued thereunder. On the contrary, the only apparent intent was to enact an entirely new law as a substitute for § 263.09, which we had invalidated by our decision in the Robbinsdale case. The decision was filed on February 13, 1937. The legislature immediately took notice of it and enacted c. 286, approved April 19, 1937.

Our decision in the Robbinsdale case that § 263.09 is unconstitutional in its entirety left no part of it to continue in effect, except by a new enactment. So far as its subject matter is concerned, there was no law. C. 286 was enacted to cover the same subject matter as § 263.09 and to accomplish the same purpose, that of imposing on counties a portion of the expenses for poor relief under the town system, but by a different method, namely, that of changing the nature of the respective obligations of counties and their political subdivisions so as to make the portion of such expenses to be paid by a county a direct county obligation and liability instead of a secondary one of reimbursement for a portion of the primary and exclusive obligation and liability of its polit-

ical subdivisions. The change in the nature of a county's obligation for a portion of such expense of its political subdivisions so as to make it a direct county obligation and concern discloses an intention to enable counties to pay such portion with funds raised by county taxes and thereby to avoid the constitutional objections to § 263.09 which were the basis for holding it unconstitutional in the Robbinsdale case. The inference is inescapable that the legislature adopted our view that § 263.09 is unconstitutional, took up the matter anew, and enacted c. 286 to cover the entire field in a constitutional manner. This is not uncommon legislative practice. See Wright v. Vinton Branch, 300 U. S. 440, 57 S. Ct. 556, 81 L. ed. 736, 112 A. L. R. 1455, upholding the second Frazier Lemke Act, 11 USCA, § 203, which avoided the constitutional invalidity of the first one. So far from disclosing an intention to continue § 263.09 in effect in any respect, the enactment of c. 286 discloses a legislative intention to treat § 263.09 as a nullity and to substitute for it c. 286 as an entirely new and constitutional statute.

All that remained of § 263.09 after it had been declared unconstitutional was the lifeless form of what purported to be a statute. It was void and ineffectual without any repeal; but its lack of vitality interposed no insuperable obstacle to a repeal. An unconstitutional statute can be repealed. The repeal of an unconstitutional statute at least serves the purpose of purging the laws of what purports to be, but is not, a statute. State ex rel. Aull v. Field, 119 Mo. 593, 24 S. W. 752; 1 Lewis' Sutherland, Statutory Construction (2 ed.) p. 567, § 291.

True, c. 286 contains no clause referring to, or purporting to repeal or amend, § 263.09, but such a provision is unnecessary. A later statute covering the entire subject matter of and intended as a substitute for an earlier one, although it does not expressly refer to or purport to amend or to repeal it, operates to repeal it by implication, for the reason that the later statute is the last expression of the legislative will. State v. Northwest Linseed Co. 209 Minn. 422, 297 N. W. 635, appeal dismissed, 313 U. S. 544, 61

S. Ct. 960, 85 L. ed. 1511; Board of Education v. Borgen, 192 Minn. 367, 256 N. W. 894. In Washburn, Mayor, v. Paducah Newspapers, Inc. 275 Ky. 527, 532, 121 S. W. (2d) 911, 914, the court said:

"If a later statute accomplishes the same purpose intended to be accomplished by a previously enacted statute but by obviously different methods and in a different manner, the later statute supersedes and repeals the earlier one."

The rule of repeal by implication applies to unconstitutional as well as to constitutional statutes. Where a former statute has been held unconstitutional, a later statute covering the same subject matter and intended as a substitute for it, even though it contains no express provision to that effect, repeals the former by implication. Luse v. City of Dallas (Tex. Civ. App.) 131 S. W. (2d) 1079.

Section 263.09 is not only unconstitutional, but it was also repealed by implication. It has no effect for any purpose.

Our conclusion is that our decision in the Robbinsdale case held § 263.09 unconstitutional in its entirety; that the section is unconstitutional, not only so far as it applied in the Robbinsdale case, but also as it applies in the instant case; that plaintiff acquired no right against defendant thereunder to reimbursement for a portion of its expenses for poor relief; that § 263.09 was not continued in effect by c. 286 for the purpose of saving any claimed rights of reimbursement thereunder; and that, consequently, plaintiff is not entitled to recover in this action.

Affirmed.