DEAN, Appellant v. CODDINGTON, et al., Respondents

(131 N.W.2d 700)

(File No. 10159. Opinion filed December 15, 1964)

**Blaine Simons,** Sioux Falls, for plaintiff and appellant.

**Frank L. Farrar,** Atty. Gen., **Robert A. Miller,** Asst. Atty. Gen., **Gordon O. Hayes,** Asst. Atty. Gen., Pierre, for defendants and respondents.

RENTTO, J.   By the enactment of Ch. 67, Laws of 1959, now SDC 1960 Supp. 15.2246, this state initiated a foundation program of state support to school districts. This act was in effect re-enacted with amendments and additional provisions by Ch. 76, Laws of 1961 and Ch. 77, Laws of 1963. Ch. 365, Laws of 1963 appropriated $4,500,000.00 for the fiscal year ending June 30, 1964 and a similar amount for the year ending June 30, 1965, from the State Treasury to be distributed to the eligible schools in the manner provided in said Ch. 77.

In this proceeding plaintiff is asking that Ch. 77, Laws of 1963, be declared invalid and that the defendants be enjoined from making distribution of the 1963 appropriation. He asserts that said Ch. 77 violates that part of Sec. 17, Art. VI of our Constitution which provides that all taxation shall be equal and uniform. He makes the further claim that it denies him equal protection of the law in violation of the 14th Article of Amendment to the Constitution of the United States. The defendants' motion to dismiss the complaint for failure to state a claim upon which relief could be granted was sustained. This appeal is from the order of dismissal.

In Ch. 77 the legislative purpose of the program is declared to be as follows:

"It is hereby declared to be the policy of this state that education is a state and local function and whereas some relief should be provided from local property tax as a source of school revenue where such tax is excessive, and that other sources of revenue should contribute to the total funds needed for public education; that in order to provide reasonable equality in school tax rates among the various school districts in the state and to provide reasonable equality of educational opportunity for all the children in the state, the state shall assist in giving a basic educational opportunity to each student, but that the state should be obligated to contribute to the support of the basic educational program only if the district provides a program which meets the requirements and standards hereinafter set forth."

The act establishes a foundation program fund to include all funds appropriated to, or designated to it by law, gift or grant including any money appropriated by the Federal Congress for purposes of equalizing school opportunity. It prescribes rules for determining the eligibility of school districts to receive funds and sophisticated formulas concerning the amount thereof. The eligibility requirements and payment formulas are designed to encourage improvement of education at the local level.

The stipulation by which the pertinent facts involved were presented to the court reveals that plaintiff is a resident and taxpayer of Lakeview Common School District No. 3 in Hutchinson County, South Dakota. Such district did not maintain a secondary or an elementary school during the school year 1962-63, and did not plan to maintain any during the 1963-64 school year. The students living in the district attended school in the Independent School District of Scotland, Bon Homme County, South Dakota. The tuition for the high school students was paid to the Scotland district from the County High School Tuition Fund. This fund is raised by a tax levied on all common school districts in the county. The tuition for those in the elementary grades was paid by the Lakeview district out of money raised by taxing the property of that district.

The Lakeview district, under the Foundation Program, was not eligible to receive any of the funds appropriated to the foundation by Ch. 365, Laws of 1963 for the fiscal year ending June 30, 1964 because it had not operated a school during the previous school fiscal year. Further, the Lakeview children attending the Scotland school were by the formula counted in its enrollment thus enhancing the payment from the foundation to the Scotland district. These results are complained of by the plaintiff and made the basis of his claim of unconstitutionality. He asserts that the effect of the law is to lower taxes in the Scotland district while leaving them constant in the Lakeview district.

■ ■ Art. VI, § 17 of our Constitution, so far as here material provides: "all taxation shall be equal and uniform". The test of uniformity under this section is substantially the same as under the 14th Amendment to the United States Constitution. State ex rel. Botkin v. Welsh, 61 S.D. 593, 251 N.W. 189. Plaintiff admits that the taxes levied upon the taxpayers of the state to raise the $9,000,000.00 appropriated by Ch. 365, Laws of 1963 were probably uniformly raised, but he contends that the uniformity provision of our constitution is not satisfied unless they are uniformly distributed. As observed by the trial judge the effect of plaintiff's contention would apply this section of our constitution as though it read—and all **expenditures** shall be equal and uniform.

The general rule applicable in this situation is stated in 84 C.J.S. Taxation § 34 to be:

> "It is generally held that the constitutional provisions requiring equality and uniformity relate to the levy of taxes, and not to the distribution or application of the revenue derived therefrom; and hence statutes relative to the distribution or application of such money cannot be held invalid on this ground."

After observing that it was not unusual for states after collecting taxes on a statewide basis to make distribution of revenues to municipal corporations, particularly school districts, the court in Hess v. Mullaney, 213 F.2d 635, 15 Alaska 40, Cert. denied Hess v. Dewey, 348 U.S. 836, 75 S.Ct. 50, 99 L.Ed. 659, goes on to say: "No requirements of uniformity or of equal protection of the law. limit the power of a legislature in respect to allocation and distribution of public funds. Gen. American Tank Car Corp. v. Day, 270 U.S. 367, 372, 46 S.Ct. 234, 70 L.Ed. 635; Carmichael v. Southern Coal [& Coke] Co., 301 U.S. 495, 521, 522, 57 S.Ct. 868, 81 L.Ed. 1245." See also 51 Am.Jur., Taxation, § 165.

The act in question does not levy a tax, nor is it an appropriation measure. It is concerned only with the distribution of money accruing to the foundation fund. The only assets that the fund has had for distribution are those that have been appropriated to it by the legislature. None of such money was raised by an ad valorem tax on the property of the plaintiff or anyone else in the state. As above indicated no claim is made that the levies by which the state raises revenue for its general fund are not uniform.

In School District No. 25 of Woods County v. Hodge, 199 Okl. 81, 183 P.2d 575, the constitutionality of their apportionment statute was under assault. Among other things it was there contended, as here, that the uniformity provision of their constitution was violated by denying to some school districts any payment of state funds thereunder. As to this the court said:

> "We see no merit in this contention. This act levies no tax. The tax levied for motor vehicle licenses is not un-

der attack, nor is the gross production tax. The act here merely apportions the revenue of other tax acts. These are State revenues and the distribution thereof is a matter of legislative concern."

In Acker v. Adamson, 67 S.D. 341, 293 N.W. 83, this court said "the legislative power of state legislatures is unlimited except as limited by the State or Federal Constitutions." In our view the money, the apportionment of which is here in question, is the property of the state and may be used for any public purpose the legislature deems wise.

■ ■ We have consistently recognized that in determining what is a public purpose the legislature is vested with a large discretion which cannot be controlled by the courts unless its action is clearly evasive. Torigian v. Saunders, 77 S.D. 610, 97 N.W.2d 586. Expending state funds for the purpose of improving the educational opportunities afforded within the state has long been recognized as a public purpose. State ex rel. Clark v. Gordon, 261 Mo. 631, 170 S.W. 892. In Section 4 of the enabling act under which our state was admitted to the Union we assumed the responsibility for the establishment and maintenance of systems of public schools open to all the children of the state. This was declared our duty in Section 18 of Art. XXVI of our Constitution. We are satisfied that funds of the state expended to provide reasonable equality of education for all children in the state are spent for a public purpose. See 47 Am.Jur., Schools, § 89 and §90. The distribution of funds as directed in Ch. 77, Laws of 1963, is upon a reasonable basis of classification within the taxing district involved.

The guiding principles which we think govern in this field are well stated in 79 C.J.S. Schools and School Districts § 411, wherein it is written:

"In the absence of constitutional regulation the method of apportioning and distributing a school fund, accruing from taxes or other revenue, rests in the wise discretion of the state legislature, which method, in the absence of abuse of discretion or violation of some con-

stitutional provision, cannot be interfered with by the courts. Apportionment statutes are designed to promote equality of facilities, and if the purpose of public welfare is kept in view in making the distribution, the fact that the fund is distributed unequally among the different districts or political subdivisions does not render it invalid."

Accordingly the trial court did not err in dismissing plaintiff's complaint.

The several cases cited by the plaintiff as sustaining his position have been carefully studied. Village of Robbinsdale v. County of Hennepin, 199 Minn. 203, 271 N.W. 491 and Peterson v. Hancock, 155 Neb. 801, 54 N.W.2d 85 are the principal ones and typical of the others. We doubt that any useful purpose would be served by specifically discussing them. While they contain statements which seem to support plaintiff's contention, it is to be observed that none of them concern a comparable situation. We feel that the holdings therein when viewed against the factual backgrounds involved are not here applicable.

Affirmed.

All the Judges concur.