STATE ex rel. FOLEY BROS. & KELLY v. MINNESOTA TAX COMMIS-
SION.[1]

STATE ex rel. FOLEY BROS. BUILDING COMPANY v. SAME.

March 6, 1908.

Nos. 15,538, 15,539—(237, 238).

**Abatement of Tax—Tax Commission.**

The duties formerly imposed on the state auditor by section 801, R. L.
1905, in the matter of grievances relating to taxation on account of exces-
sive valuation of property, or for other cause, were imposed upon the
Minnesota tax commission by chapter 408, Laws 1907.

**Same—Recommendation of County Officers.**

The favorable recommendation of the county board and auditor of the
county in which the property is situated is a general condition precedent
to favorable action by the tax commission on application for abatement
of taxes on the ground of excessive valuation.

**Same—Condition Precedent.**

In this case the St. Paul board of abatement acted favorably upon
the application for the abatement of taxes of owners of certain property,
the valuation of which, as they alleged, had been increased unreasonably
and unjustly. Application to abate state taxes was made to the state tax
commission on the recommendation of that board, but without the ap-
proval of the county auditor. The tax commission refused to grant re-
lief, because of its conclusion that it had no jurisdiction. Thereupon the
matter was brought for review before this court on certiorari. It is
*held* that, inasmuch as the county auditor did not join in the recommenda-
tion, the relators are entitled to no relief.

Foley Bros. & Kelly and Foley Bros. Building Company, corpora-
tions, having secured favorable action by a majority of the board of
equalization of the county of Ramsey and city of St. Paul upon their
applications for correction of assessment and abatement of tax for
the year 1906 upon the buildings owned by them, respectively, the ap-
plications were transmitted by the county auditor to the state tax
commission, which decided that it had no jurisdiction to correct the

[1] Reported in 115 N. W. 647.

assessment and abate the tax. These corporations then obtained from the supreme court writs of certiorari to review the action of the tax commission. Decision affirmed.

*Harris Richardson* and *Harold C. Kerr,* for relators.

*E. T. Young,* Attorney General, and *Geo. W. Peterson,* Assistant Attorney General, for respondents.

JAGGARD, J.

The petitions of the relators set forth the following facts: Petitioners owned certain taxable property in St. Paul. In 1906 the assessed valuation of the property was substantially increased, as compared with prior years, although there had been no change in the property, and although the valuation of other property in the same assessment district had not been increased. The St. Paul board of abatement reduced the taxes. The petitions for abatement were presented to the respondent, the Minnesota tax commission. The county auditor did not join in recommending abatement of state taxes. The commission refused to act; because of lack of jurisdiction. Petitioners applied to this court for a writ of certiorari, which was issued.

1. The preliminary question on the merits concerns the jurisdiction of the state tax commission to hear and determine such an application for abatement. Prior to the creation of the tax commission, the state auditor was the officer of the state given general charge over the management of revenue matters. Section 1652, G. S. 1894, and section 801, R. L. 1905, provided as follows: "The state auditor shall prescribe the form of all blanks and books required under this chapter. He shall hear and determine all matters of grievance relating to taxation on account of excessive valuation of property or for other cause, when submitted to him with a statement of facts in the case, and favorable recommendation of the county board and auditor of the county in which the property is situated. He shall keep a record of all cases so referred and of all decisions rendered; and upon deciding any case, he shall forward a certified copy of such decision to the county auditor, who shall file the same and correct his books accordingly. He shall decide all questions that may arise in reference to the true construction of this chapter in accordance with the advice and opinion of the attorney general, and such decision shall have force

and effect until annulled by the judgment of a court of competent jurisdiction."

The Minnesota tax commission was created by chapter 408, p. 576, Laws 1907. Its powers and duties are prescribed especially, by sections 11 and 12.

Section 11 (page 579) gives it power and authority:

1. "To have and exercise general supervision over the administration of the assessment and taxation laws of the state, over assessors, town, county and city boards of review and equalization and all other assessing officers in the performance of their duties to the end that all assessments of property be made relatively just and equal in compliance with the laws of the state."

2. To confer with, advise, and give the necessary instructions to local assessors throughout the state as to their duties.

3. To enforce the laws relating to liability of public officers and agents of corporations for failure to comply with the revenue laws, with the aid of county attorneys.

4. To require public officers to report information.

5. To require taxpayers to furnish information.

6. To summon witnesses and to compel production of documentary evidence relating to tax matters.

7. To take depositions therein.

8. To visit counties, and to inquire into methods of assessment and taxation of assessors and discharge of their duties.

Other subdivisions contemplate the rendering of assistance to the legislature and authorities for the development of a proper system of taxation.

Section 12 (page 581) confers the powers and imposes the duties to require complete abstracts of equalized taxable property from county auditors, to order reassessments, and to require county auditors to place omitted property on the rolls. The concluding part of the section reads as follows:

4. "To receive complaints and to carefully examine into all cases where it is alleged that property subject to taxation has not been assessed or has been fraudulently or for any reason improperly or unequally assessed, or the law in any manner evaded or violated, and

to cause to be instituted such proceedings as will remedy improper or negligent administration of the taxing of the state."

5. "Prior to the sitting of the state board of equalization each year and subject to review (by the state board of equalization) to raise or lower the assessed valuation of any or all real and personal property, or any portion thereof, within the state. Prior to the annual meetings of the state board of equalization to raise or lower the assessed valuation of any real and of any personal property in the state, including the right and authority to raise or lower the assessment of the real and personal property  *  *  *  to the end that the assessed valuation of all property throughout the state shall be as nearly equal as may be upon any given class of property."

These sections, and other parts of the act, show an unmistakable legislative intent to vest in the tax commission the powers previously given to the state auditor, so far as here involved, especially by section 801, and to amplify them. Section 18 (page 584) of that act provides that "all acts or parts of acts inconsistent herewith are hereby repealed." The conclusion inevitably follows, and the state concedes, that the duties formerly imposed upon the state auditor under section 801, R. L. 1905, in the matter of the grievances relating to taxation on account of excessive valuation of property or for other causes, are to be performed by the tax commission.

2. The next question on the merits is whether chapter 408, p. 576, Laws 1907, repeals section 801, R. L. 1905, in so far as the last-named section requires as a condition precedent to the correction of an assessment or the abatement of taxes the favorable recommendation of the county board and the county auditor.

The purpose of this requirement is obvious. Innumerable and well-grounded complaints of unequal assessments are inevitable. Courts are compelled to take judicial notice of this fact. The statutes accordingly provided for numerous local and county boards, and the state board of equalization to create an adequate and just demand on the part of the state for taxes to be paid by the individual to whom, or by the estate on which, they had been assessed. When the state undertook to collect the tax, opportunities were given for the judicial determination of the equalized and corrected tax. As to personal property, one opportunity was afforded before property became sub-

ject to distraint. As to real estate, the opportunity to defend was provided for after notice by publication. The individual was thus secured his day in court, the right to assert by way of answer, and to try, the defense of prejudicial error in an assessment arising from unfair or unequal valuation. Accordingly the legislature did not contemplate giving to the state auditor the office force and facilities which would have been necessary to have enabled him to have tried the vast number of such issues arising from all parts of the state. That burden was thrown upon the courts. To secure intelligent action on the part of the state auditor in abating taxes, the recommendation of both the county board and auditor of the county in which such property was assessed was made a condition precedent to their lawful presentation. Clarke v. Board of Co. Commrs. of Stearns Co., 66 Minn. 304, 69 N. W. 25.

It has previously been determined herein that the tax commission has been made the arbiter of such matters in his place. The force and facilities provided for it are as inadequate for trial of all issues of unequal and unfair valuations as were those of the state auditor. The restriction imposed by the requirement of favorable recommendation of both the county board and the county auditor would equally tend to make possible the exercise of its semijudicial functions. If section 801 falls entirely, the recommendation of neither is essential; if it survives, the recommendation of both is essential. Without doubt, "even if a subsequent statute, containing no repealing clause, be not repugnant in its provisions to a prior statute, yet, if the former was clearly intended to prescribe the only rule which should govern in the case provided for, it repeals the original act by implication." Nicol v. City of St. Paul, 80 Minn. 415, 83 N. W. 375. Without doubt, also, the act of 1907 intended to place tax matters generally in the hands of the commission and to give it power to hear all matters brought before it. But it does not at all follow that the requirement of the recommendation of the auditor and county board of abatement as a prerequisite to its consideration was impliedly repealed. Repeals by implication are not favored. The law creating the tax commission repealed only provisions and acts and parts of acts inconsistent therewith. Necessarily it follows that parts of general laws consistent with the tax commission act remain in force. It is not only entirely con-

sistent with the enforcement of the duties and the exercise of the powers of the tax commission to generally require the favorable recommendation of both the county board and auditor, but also, as has been pointed out, that conclusion would tend to the proper performance of the functions of the tax commission.

3. The immediate question narrows itself to whether the requirement of joint approval applies to taxes lowered by the peculiar board of abatement provided for by the charter of the city of St. Paul adopted pursuant to general law. After the adjournment of the regular board of equalization of Ramsey county, the special St. Paul board of abatement, composed of four members appointed by the council, the mayor, and the county auditor, meets, and may by a majority vote abate taxes on property located within the limits of that city until September of the following year: "Provided that no such abatements shall be made except upon a written statement of the person aggrieved, subscribed and sworn to, which shall be filed and kept by the county auditor, * * * and * * * that no abatement of state taxes shall be made without the consent of the auditor of state." Section 801 has been held by this court to be a "general statute making no exceptions, but covering all cases where abatements or reductions are desired and obtainable, and seems to be clearly applicable to the city of St. Paul, as well as to other parts of the state, making it necessary to have the approval of the state auditor before the action of the board provided for by the special act could become operative." Lovely, J., in State v. London & N. A. M. Co., 80 Minn. 277, 83 N. W. 339. The charter requirement to that effect expressed what would have been the law if it had been absent. It follows that the condition upon which the consent of the auditor may be obtained before relief can be had must be complied with.

There is no doubt what that condition is. Both the language and the purpose of the section indicate that all its provisions were intended to apply to all counties of the state. Doyle v. City of Duluth, 74 Minn. 157, 160, 76 N. W. 1029. The state auditor acts on a "statement of facts in the case." The charter requires such a statement to be filed with the county auditor. The matter is not one for mere local legislation, except in so far as the laws have recognized that the approval of the board of abatement takes the place of the board of equalization.

It is immaterial that the county auditor was also a member of the board of abatement. He is also a member of the ordinary county board. None the less the statute requires his recommendation, as well as that of the county board, as a condition precedent to the state auditor's approval. By parity of reasoning his consent, in addition to the recommendation of the board of abatement, is essential to action by the tax commission.

Objection has been made that the respondent's remedy was mandamus. A majority of the court are of opinion that certiorari, on strict construction, is not the appropriate remedy; but in view of the necessity for an early decision, of the great public importance of the other questions presented, and of the full argument on their merits, it has been concluded to assume jurisdiction and to determine the questions on their merits.

START, C. J.

I concur in the conclusion that the Minnesota tax commission is not authorized to act upon an application for an abatement of taxes, unless it is first recommended by the county auditor; but I am of the opinion that the proper way to raise this question is by mandamus, and not by certiorari.