STATE v. MILLICENT G. ELAM.

84 N. W. (2d) 227.

July 19, 1957—No. 37,082.

*Wallace C. Sieh,* County Attorney, and *Fred R. Kraft,* Assistant County Attorney, for appellant.

*Raymond B. Ondov* and *Catherwood, Hughes & Alderson,* for respondent.

MURPHY, JUSTICE.

This is an appeal from a judgment reducing the assessed valuation of certain property in Mower County. This proceeding was commenced by Millicent G. Elam to contest the validity of the real estate property taxes which were assessed for the year 1954 on certain property which she owned in the city of Austin, Minnesota.

Mrs. Elam did not pay the 1954 taxes as they became due in 1955 and her property was accordingly included on the delinquent tax list filed in the district court in January 1956. Under M. S. A. 279.05, the filing of such list with the district court has the effect of filing a complaint in an action by the county against each parcel of land described in the list. Mrs. Elam filed an answer under § 279.15 in which she set forth her defenses and objections to the payment of the tax. In substance the answer claimed that the tax assessment was based upon a valuation greater than the actual and real value of the property; that the tax was unfairly and unequally assessed and grossly excessive; and that the valuation and assessment were made in an arbitrary, unreasonable, and capricious manner.

The state then moved to strike the answer and to dismiss the objections and defenses therein alleged on the ground that said objections and defenses had not been timely asserted. The motion was denied and after trial findings and judgment were entered granting to the taxpayer a certain measure of relief.

The determinative issue in this case is this: Is a taxpayer who wishes to object to the payment of tax because his real estate has been unfairly or unequally assessed required to serve and file a petition for relief on or before the first day of June of the year in which the tax becomes payable as required by c. 278 (L. 1935, c. 300, §§ 1 to 3), or may he permit the tax to become delinquent and file with the district court an answer setting forth his defenses within 20 days from the last publication of the delinquent tax list as provided by M. S. A.

279.05 to 279.15? The taxpayer contends that the foregoing provisions offer alternative remedies, either of which the taxpayer may employ. The state contends that the remedy of the taxpayer to question partial, unequal, or unfair assessment, as indicated by § 279.15, has been repealed and that § 278.01, et seq., now provides the exclusive remedy to raise that question.

Chapter 279 is entitled "DELINQUENT REAL ESTATE TAXES." Section 279.15, which derives from Ex. Sess. L. 1902, c. 2, § 14, provides a method by which persons whose land has been included in a delinquent tax list may assert *any* defense against payment of the tax. It provides:

"*Any person* having any estate, right, title, or interest in, or lien upon, any parcel of land embraced in such list as published, within 20 days after the last publication of the notice, *may file with the clerk of the district court an answer,* verified as a pleading in a civil action, *setting forth his defense or objection to the tax or penalty against such parcel of land.*" (Italics supplied.)

However, in 1935, c. 278, entitled "REAL ESTATE TAXES; OBJECTIONS, DEFENSES," was enacted. Section 278.01 provides:

"*Any person* having any estate, right, title, or interest in or lien upon any parcel of land, *who claims that such property has been partially, unfairly, or unequally assessed,* or that such parcel has been assessed at a valuation greater than its real or actual value, or that the tax levied against the same is illegal, in whole or in part, or has been paid, or that the property is exempt from the tax so levied, *may have the validity of his claim, defense, or objection determined by the district court* of the county in which the tax is levied *by serving copies of a petition* for such determination upon the county auditor, county treasurer, and the county attorney and filing the same, with proof of such service, in the office of the clerk of the district court *on or before the first day of June of the year in which such tax becomes payable.*" (Italics supplied.)

And § 278.13 provides:

"The judgment entered in such proceedings, except for the right of

review on appeal, shall be final and conclusive as to the taxes involved therein. *No defense or objection which might have been interposed by proceedings* hereunder shall be interposed in delinquent tax proceedings except the defense that the taxes levied have been paid or that the property is exempt from the taxes so levied." (Italics supplied.)

It is important to note at the outset that § 278.01 refers to the specific defenses of unequal assessment, payment, exemption, and illegal levy of tax, and that § 278.13 provides that judgment, except for right of appeal, shall be final and that the only defenses which may be interposed in a delinquent tax proceeding are payment and that the property is exempt from tax. We are concerned here only with the defense of unfair and unequal assessment.

The state contends that the purpose of c. 278 was to promote the prompt payment of taxes and to prevent undue delay in determining objections to taxes and assessments by providing a procedure which requires that these defenses and objections be litigated without waiting until the delinquent tax list is published. They point out that under the procedure which is indicated by §§ 279.05 to 279.15 a taxpayer would not be required to file an answer until approximately March 1 of the year following the year in which the tax is due and two years following the year for which the tax was levied. They contend that c. 278 now provides the exclusive procedure by which the question of partial or unfair assessment may be raised and that its purpose is to avoid the delays formerly permitted by the old procedure under c. 279.

In contending that c. 278 is an alternative remedy for the benefit of the taxpayer, the defendant argues that c. 278 was enacted during the depression while taxpayers were hard pressed to raise sufficient funds to pay their taxes and that it offers a plan whereby a taxpayer may promptly raise any valid defense as to the amount of his taxes without being forced to let his taxes become delinquent and thus incur the additional hardship of having interest and penalties assessed against him.

This question has not previously been presented to this court and we have found no legislative history as to the intent of the legislature.[1] ■ We cannot agree with the defendant that c. 278 was enacted only

[1]See note 3 to M. S. A. 279.15 (18 M. S. A. pp. 626, 627).

for the benefit of the taxpayer. It is true that prior to the passage of this law the issue as to unfair or unequal assessment could be raised only after default by answer in delinquent tax proceedings. But we think it is apparent from the express wording of the statute that the act was passed for the benefit of the state as well. This conclusion is compelled by the numerous provisions of the statute, all of which stress the policy of enforcing the prompt collection of taxes and limiting or preventing tax delinquency which at the time of its enactment threatened the stability of local government.[2]

As bearing on the apparent legislative policy of requiring prompt payment of taxes, it should be noted that § 278.01 provides that one who claims that "property has been partially, unfairly, or unequally assessed, or * * * assessed at a valuation greater than its real or actual value," may object by petition for determination of the issue which must be filed on or before "the first day of June of the year in which such tax becomes payable."

It is further apparent that the legislature intended to discourage the filing of such petition for the purpose of delay. To insure the good faith of the objector, § 278.03 provides that before filing the petition "and as a condition precedent" the tax for the first half of the year is required to be paid. This requirement may be dispensed with only upon order of the court when it is made to appear that the proposed review is taken in good faith; that there may be probable cause to believe that the property may be held exempt, or that the tax may be determined to be less than 50 percent of the amount levied; and that it might work a hardship to pay such amount. The statute further provides that if the proceedings have not been brought to issue in court before November first "next following the filing of such petition" the taxpayer is required to pay 50 percent of the remaining unpaid tax for the current year "or 50 per cent of the remaining unpaid taxes based upon the probable value of such property, if the value has been found by the court upon application as aforesaid." Failure to make payment of such additional amount shall result automatically in a dismissal

---

[2]M. S. A. c. 278. See, Studenski, *The Problem of Tax Delinquency*, 14 Tax Mag. 396; Fuller, *Tax Delinquency*, 13 Tax Mag. 328.

of the proceedings. The requirement of the payment of 50 percent of the balance before November 1 may be waived in hardship cases except that the taxpayer "must show that the tax may be determined to be less than 75 per cent of the amount levied."

Section 278.05 provides that the issue shall be brought on for trial "at any general term in session" or "at the next general or special term appointed to be held in the county; and, if no such term be appointed to be held within 30 days thereafter, the same shall be brought to trial at any general term appointed to be held within the judicial district upon ten days' notice." The county attorney is charged with responsibility to prosecute, and the legislature has considered enforcement of tax collection a matter of sufficient urgency to authorize the county board to employ additional counsel. Of importance as indicating the intent of the legislature to have these matters promptly disposed of, the statute provides that such action "shall take precedence of all other business before the court" and the court shall "without delay" hear and determine the issues and "shall disregard all technicalities and matters of form not affecting the substantial merits."

■ Bearing on the contention of the state that c. 278 provides an exclusive remedy, it is of importance to note the provision of § 278.13 which states:

"* * * No defense or objection which might have been interposed by proceedings hereunder shall be interposed in delinquent tax proceedings except the defense that the taxes levied have been paid or that the property is exempt from the taxes so levied."

It is clear that this section of the statute makes reference to two proceedings (a) the one under c. 278 which gives the taxpayer the right to assert defenses with reference to unfair and unequal assessments and (b) "delinquent tax proceedings" in which the defenses of exemption and payment may be asserted. It is our view that the language strongly supports the contention of the state in that it clearly provides that the only defenses available in a delinquent tax proceeding (c. 279) are that the land is exempt from taxation, that the taxes have been paid, or perhaps other jurisdictional defects. It seems clear that the issue as to the validity of the assessments or levy must be asserted by petition filed

on or before the time the first half of the tax becomes payable.[3]

Where the property was assessed for tax purposes in May 1954, it is a reasonable requirement that objections to valuation be raised prior to June 1, 1955, when the first half of the tax is due, rather than to permit the taxpayer to wait until after the delinquent list is published in 1956 before asserting his objection.

The procedure incorporated in §§ 278.04 and 278.06 supports the state's view that c. 278 was intended as an exclusive remedy. Section 278.04 provides that parcels of land upon which petitions have been filed "shall not be included in the delinquent tax list for such year." Since it would be impossible to raise any objections in an answer to such list, if no list can be filed, the taxpayer's explanation that § 278.13 merely asserts the doctrine of res judicata would make that section unnecessary surplusage.

Section 278.06, entitled "OTHER STATUTES TO APPLY," makes express reference to c. 279 and provides that:

"Sections 279.18, 279.19, 279.21, 279.23, 279.24, 279.25 shall apply in so far as they are applicable thereto, except as herein otherwise provided. *References in those sections to 'answers' shall be understood as referring to petitions,* and references to the 'delinquent list' or 'list' as referring to the tax list filed with the county treasurer." (Italics supplied.)

Prior to the enactment of c. 278 the term "answer" in the above-quoted section referred to the "answer" authorized under § 279.15. It seems apparent that the legislature expressed an intent to replace the answer procedure of § 279.15 with the petition procedure established by § 278.01.

Moreover, L. 1935, c. 300 (M. S. A. c. 278), which provides under § 14 that "This act shall not become effective until January 1, 1936, and shall not affect any delinquent tax proceeding then pending," is a further indication of the intention of the legislature to bar the defense of unfair or unequal assessment in delinquent tax proceedings. There would have been no other purpose in stating that the act did not affect

[3]Montague, *The Development and Present Form of the Minnesota Tax System,* 18 M. S. A. p. 53.

such proceedings then pending.

Viewing c. 278 in its entirety, in the light of its plain terms and the imperative tenor of its various provisions, we conclude that, in the interest of a better tax-collection practice, the legislature intended that it should provide the exclusive means by which a taxpayer may assert the defense of an unfair or unequal assessment.

Prior dictum of this court supports the view that the policy of the act to insure prompt payment of taxes requires that the defenses of partial and unfair valuation must be asserted if at all under c. 278. In In re Petition of Slaughter, 213 Minn. 70, 72, 5 N. W. (2d) 64, 66, we said that:

"* * * It appears to us that the legislature enacted this law for the specific purpose of reducing the period of time which, under the old law, elapsed between the assessment of the tax and its payment."

The provisions of the act indicate that the legislature took cognizance of the fact that the old procedure as provided by c. 279 lent itself to abuse in that it permitted the employment of dilatory methods by which tax collections were unnecessarily delayed, created difficulties in the record-keeping functions of the county auditor, and uncertainty as to the amount of revenue available for distribution among the various governmental units. It is our view that c. 278 impliedly repealed § 279.15 as to procedure for raising objections to the payment of tax assessments "except the defense that the taxes levied have been paid or that the property is exempt from the taxes so levied."

It is true that repeal by implication is not ordinarily favored. State v. City of Duluth, 238 Minn. 128, 56 N. W. (2d) 416; State v. Northwest Linseed Co. 209 Minn. 422, 297 N. W. 635. It is apparent, however, that c. 278 and § 279.15 covered the same subject matter. The former is a revision of the method of procedure and provides an entirely different method by which defenses with reference to assessed valuations may be asserted. Section 645.39 states:

"When a law purports to be a revision of all laws upon a particular subject, or sets up a general or exclusive system covering the entire subject matter of a former law and is intended as a substitute for such former law, such law shall be construed to repeal all former laws upon

the same subject."

In City of Jackson v. County of Jackson, 214 Minn. 244, 250, 7 N. W. (2d) 753, 756, quoting from Washburn v. Paducah Newspapers, Inc. 275 Ky. 527, 532, 121 S. W. (2d) 911, 914, the court said:

"* * * If a later statute accomplishes the same purpose intended to be accomplished by a previously enacted statute but by obviously different methods and in a different manner, the later statute supersedes and repeals the earlier one."

Here, c. 278 establishes a general system covering the entire subject matter of § 279.15. It accomplishes the same purpose intended to be accomplished by § 279.15 but by an obviously different manner, and having been enacted later, it supersedes and repeals § 279.15. See, State v. Chicago G. W. Ry. Co. 222 Minn. 504, 25 N. W. (2d) 294.

In view of our holding that c. 278 is the exclusive remedy by which the taxpayer should have asserted her defenses, it is unnecessary for us to review the remaining points raised which relate to the merits of the assessment.

Reversed.