## MELBA P. EVANSON v. COMMISSIONER OF TAXATION.

159 N. W. (2d) 259.

May 31, 1968—No. 41,197.

---

[1] Minn. St. 1961, § 619.38.

[2] Minn. St. 1961, § 610.29, provided that for a conviction of more than three prior felonies the sentence may be for life.

560

*Melba P. Evanson,* pro se, for petitioner.
*Douglas M. Head,* Attorney General, and *Don G. Paterick,* Special Assistant Attorney General, for respondent.

PER CURIAM.

We entered an order on January 17, 1968, denying a petition of Melba P. Evanson, pro se, for a writ of mandamus to compel the Minnesota Tax Court to set a hearing date and exercise its judgment in proceedings which the petitioner asserts have been pending before that court and the commissioner of taxation since October 1966. The petitioner now seeks relief by what she designates as a "MOTION FOR SPECIAL RELIEF AND/OR FOR BILL OF REVIEW AND/OR FOR WRIT OF ERROR CORAM NOBIS * * *."

The object of the petitioner's request to this court is to seek abatement and refund of sanitary and storm sewer assessments for 1960 to and including the first half of 1965 on certain real estate in Brooklyn Center. The same relief is requested for the years 1962 to and including 1966 on property located in the village of St. Anthony. We have examined the material submitted by the petitioner, which includes numerous applications and orders relating to proceedings and communications between her and state officials. The petitioner has been informed both by the orders of the tax commissioner and by communications with the special assistant attorney general assigned to the tax department that the commissioner is without authority to act because the jurisdictional prerequisite imposed by Minn. St. 270.07 has not been met. Subd. 1 of that statute, so far as applicable here, provides:

" * * * No reduction, abatement, or refundment of any special assessments made or levied by any municipality for local improvements shall be made unless it is also approved by the board of review or similar taxing authority of such municipality."

State ex rel. Foley Bros. & Kelly v. Minnesota Tax Comm. 103 Minn. 485, 115 N. W. 647, holds that the favorable recommendation of the county board and auditor of the county in which the property is situated is a general condition precedent to favorable action by the tax commissioner on application for abatement of taxes on the ground of excessive valuation. See, G. R. Johnson, *Administrative Procedures in the Minnesota Department of Taxation,* 41 Minn. L. Rev. 435, 441.

We agree with the attorney general's statement:

"Appellant's Petition for a Writ of Mandamus is pure folly. If the Writ were issued nothing would be accomplished as the Tax Court has nothing before it to hear. * * * It would have been sheer dereliction of statutory duty for the Commissioner of Taxation to honor appellant's Petitions when

the Petitions themselves state that the local taxing authorities have denied her requests."

It is elementary that a taxpayer's remedies for relief on the basis that realty has been unfairly or unequally assessed are statutory. The petitioner should have contested each year's real property taxation by petition to the district court before the first day of June in each year the taxes become payable. Minn. St. 278.01. This method of appeal is petitioner's exclusive remedy to contest unfair, unequal, or erroneous valuation. State v. Elam, 250 Minn. 274, 84 N. W. (2d) 227.

Since there is no clear duty on the part of the state officials to perform the act demanded by the petitioner, the writ should be denied.

Writ of mandamus denied.