## FAITH EVANGELICAL FREE CHURCH v. COUNTY OF HENNEPIN.

246 N. W. 2d 439.

September 17, 1976—No. 45941.

*Gary W. Flakne,* County Attorney, and *Paul R. Jennings,* Assistant County Attorney, for appellant.

*Head & Truhn* and *Jerome Truhn,* for respondent.

Heard before Rogosheske, MacLaughlin, and Marsden, JJ., and considered and decided by the court en banc.

ROGOSHESKE, JUSTICE.

Hennepin County appeals from an amended judgment determining that certain unimproved real property owned by Faith Evangelical Free Church was exempt from real estate taxes payable in 1972, 1973, and 1974. Upon findings that the property was devoted to "church uses," the judgment also determined that the church was entitled to a refund for taxes paid in 1972 and 1973, plus interest. The county challenges the evidentiary support for the court's findings; the award of interest on refunds for taxes paid; and, principally, the authority of the court to allow an oral amendment at trial to a petition seeking exemption for the 1972 tax year by adding the tax years of 1973 and 1974. We affirm the trial court's determination of exemption but remand for correction of the judgment.

In May 1972, the church filed a timely Minn. St. c. 278 petition alleging that certain unimproved, described property located in the city of Robbinsdale and comprising approximately 4 acres was and is used for church purposes and exempt from taxation

pursuant to Minn. Const. art. 9, § 1,[1] and Minn. St. 272.02, subd. 1(5). The 1972 taxes were paid under protest pursuant to § 278.03. In 1973, the church paid the taxes payable for that year but filed no additional petition. The church neither filed a petition nor paid the taxes payable in 1974. The 1972 petition did not come on for trial until May 10, 1974. At that time the church orally moved to amend the petition to claim exemption for the additional tax years of 1973 and 1974. The trial court took the motion under advisement and, after hearing all of the evidence supporting the church's claim for exemption for taxes payable in 1972, 1973, and 1974, as part of its amended findings and over the objection by the county, allowed the amendment. Upon substantially uncontradicted testimony concerning the church's use of the property claimed exempt for the years litigated and prior years, the trial court found as facts that during the tax years in question "[a] portion of the property was used for parking for church services," and the property was used "weekly for boys and girls club activities" and "intermittently for church picnics, vacation Bible school, outside worship services and church and general community outdoor sports activities." In response to the county's claim of nonchurch use or "idle" church property and its claim that the church attempted to sell part of the property, the court added a finding that "[s]ince acquiring the property in 1965, including the taxable years in question, the property has never been leased to a third party and has never been used for any commercial purpose."

Contrary to the county's argument, the trial court clearly recognized that the church had the burden of proof to establish tax exemption for the years in question. The record contains ample evidence to sustain the findings of the trial court and compels the conclusion that the property is entitled to an exempt status.

The significant issue presented by this appeal is whether the

---

[1] In the 1974 Constitution, adopted November 5, 1974, this provision is art. 10, § 1.

trial judge exceeded his authority under Minn. St. c. 278 when he allowed an amendment to a petition seeking exemption for taxes payable in 1972 to include exemption for taxes payable in 1973 and 1974. This issue is one of first impression and requires that we examine the relationship between Minn. St. c. 278 and the Rules of Civil Procedure. These rules govern the procedure in the district courts of Minnesota in all suits of a civil nature, with the exceptions stated in Rule 81. Rule 1, Rules of Civil Procedure. Rule 81.01(1) provides in part that these rules do not govern pleading, practice, and procedure in statutory and other proceedings listed in Appendix A to the rules in so far as they are inconsistent or in conflict with the rules. Chapter 278 is listed in Appendix A. Minn. St. 278.01 and 278.03 require that a taxpayer alleging the defense of exemption under this chapter file an appropriate petition before June 1 in the year in which the taxes are payable and pay one-half of the tax due pursuant to § 278.03 unless excused by court order. Here, the church filed no petition in 1973 or 1974 and paid no taxes in 1974. The trial court in its amended findings nevertheless allowed the church to amend its 1972 exemption petition to include 1973 and 1974. In permitting the amendment, the trial court was apparently following the mandate of Rule 15.01, Rules of Civil Procedure, that amendments "shall be freely given when justice so requires." The specific issue presented here is whether, in the context of this case, the trial court's reliance on Rule 15.01 was unjustified and inconsistent with the statutory scheme contained in Minn. St. c. 278. Cf. In re Thunderbird Motel Corp. v. County of Hennepin, 289 Minn. 239, 183 N. W. 2d 569 (1971).

The county contends that under c. 278 taxes for separate taxable years cannot be determined in proceedings involving the validity of another tax year unless separate petitions are filed and the matters consolidated for a hearing. In a number of cases we have held that a taxpayer's exclusive remedy for relief from unfair assessments is a petition under § 278.01, and the failure to file a timely petition is fatal to the taxpayer's claim that his

property has been unfairly assessed. State v. Elam, 250 Minn. 274, 84 N. W. 2d 227 (1957); Evanson v. Commr. of Taxation, 280 Minn. 559, 159 N. W. 2d 259 (1968); Bethke v. County of Brown, 301 Minn. 380, 223 N. W. 2d 757 (1974). The defense of exemption is significantly different from the defense of unfair assessment, however, and this distinction is reflected in the different provisions applicable to these defenses under cc. 278 and 279.

The defense of exemption, but not the defense of unfair assessment, may be asserted in a tax delinquency proceeding under c. 279. See, §§ 278.13, 279.14; State v. Elam, *supra*. The duty to pay one-half of the contested taxes before June 1 may be excused in whole or in part under § 278.03(2) merely upon a showing that there is *probable cause* to believe that the property may be held exempt, whereas in unfair-assessment cases, the duty to pay the contested taxes may be excused only where there is probable cause to believe that the taxes in fact due are less than one-half of the amount levied. Because of these differences, we are persuaded that it is not always error to permit the amendment of a pleading claiming exemption in a given taxable year to include subsequent taxable years even though the statutory requirements of a timely petition (§ 278.01) and part payment (§ 278.03) are not met by the taxpayer.

Since the use of the property by the church remained constant throughout the years in question, we find, under the special circumstances of this case, that allowing the amendment of the 1972 exemption petition to include taxes payable in 1973 and 1974 was proper. In addition, although the county claimed, both in its memorandum to the trial court relating to the motion for amended findings and before this court, that it should be afforded the same opportunity to make preparations for trial as a taxpayer has, it has not established any prejudice to its right or ability to present evidence contradicting the church's evidence in support of the claimed exemption from taxes payable in 1973 and 1974. At trial the county made no motion for a continuance or

adjournment in order to secure witnesses who might have presented evidence contradictory to the church's claim. No post-trial motion was filed by the county alleging that it was prejudiced in any way in challenging petitioner's claim of exempt status in 1973 or 1974. The essence of its position was limited to a contention that the trial court had no "jurisdiction" to adjudicate exemption for taxes other than those payable in 1972.

We have recognized that the tax laws are designed so that each step in the process of payment and collection must be done at the time specified by law. State v. Elam, *supra*; cf. Land O'Lakes Dairy Co. v. County of Douglas, 225 Minn. 535, 31 N. W. 2d 474 (1948). We adhere to this important principle and do not intend to compromise its significance by our decision here. We hold only that when a petitioner files a timely and proper petition for exemption under c. 278 for a given tax year, moves before trial to amend the petition to include subsequent tax years, and shows at trial that the use of the property has been constant during all of the relevant tax years, and the county fails to prove any prejudice in the presentation of its case, it is not beyond the authority of the trial court nor an abuse of its discretion to allow an amendment of the original exemption petition to include subsequent tax years. Rule 15.01, Rules of Civil Procedure.

There is no merit to the county's claim that the church is not entitled to interest on its tax refunds. In re Petitions of Hedberg & Sons Co. v. County of Hennepin, 305 Minn. 80, 232 N. W. 2d 743 (1975). In that case, we specifically upheld the right to prejudgment interest on real estate tax refunds and further held that the interest accrues from the date of filing a c. 278 petition or from the date of payment, whichever is later. Although the judgment here does not make explicit how interest is to be calculated on the tax refunds, since the church paid the taxes only for the years 1972 and 1973, the interest to be paid by the county upon the refund for those years accrues from the date of filing the 1972 petition for the taxes payable in 1972 and from May 10, 1974, the date the church moved to amend the 1972 petition

to include taxes payable in 1973. We deem this last date to be the one upon which the protesting taxpayer made its petition for exemption for taxes payable in 1973. Cf. Community Hospital Linen Services v. Commr. of Taxation, 309 Minn. 447, 245 N. W. 2d 190 (1976).

In November 1972, a very small parcel of the land defined and described in the original 1972 exemption petition was transferred by the church to an adjacent landowner. Evidence of this transfer was introduced at the trial. Inadvertently, the trial court neglected to reflect this conveyance in its legal description of the subject property in the amended judgment, and we accordingly remand to correct this judgment so that it no longer exempts from taxation that small parcel of land no longer owned or used by the church.

Affirmed but remanded for correcting the judgment.

SCOTT, JUSTICE (concurring specially).

I concur with the majority in affirming the trial court's decision to permit an amendment to a petition seeking exemption for taxes payable in 1972 to include taxes payable in 1973 and 1974. There was no prejudice to the state. The situation presented here is different from proceedings involving the defense of unfair assessment. In situations involving assessments, greater weight must be given to the state's interest in the efficient administration of tax proceedings. As the majority notes, the defense of exemption may be asserted in a tax delinquency proceeding, but not the defense of unfair assessment. Similarly, under Minn. St. 279.22 one can reopen a tax judgment by asserting exemption but not by asserting a mistake in assessment. In State v. Elam, 250 Minn. 274, 84 N. W. 2d 227 (1957), this court emphasized the legislative policy to enforce prompt collection of taxes and to limit tax delinquency, noting the relationship between the prompt collection of taxes and the stability of local government. When a question of exemption is raised, there is a sufficient public interest in allowing proper exemption to counterbalance the state's interest in prompt tax collection and to per-

mit amendment to include later years in a petition for exemption. This is not the case involving an unfair assessment. In such proceedings, a petition challenging an assessment as unfair may not be amended to include later years.