Jacob KUITERS, Relator,

v.

COUNTY OF FREEBORN, Respondent.

No. C5–87–2415.

Supreme Court of Minnesota.

Oct. 21, 1988.

Phillip A. Kohl, III, Albert Lea, for appellant.

Paul G. Morreim, Freeborn Co. Atty., Albert Lea, for respondent.

AMDAHL, Chief Justice.

Relator, Jacob Kuiters, appeals from an order denying him a new trial following a decision of the tax court which denied his petition for a reduction of his real estate tax assessment. The tax court found that Kuiters' agricultural property was assessed in excess of its market value, but nevertheless denied him relief because agricultural property in the county was assessed, on average, at 115% of its market value.

Relator Jacob Kuiters owned six parcels of agricultural land in Freeborn County. The county assessor's estimated market value for the six parcels on January 2, 1983 was $601,200 and on January 2, 1984 was $537,500. Kuiters brought a timely challenge to these assessments pursuant to Minn.Stat. § 278.01, subd. 1 (1986), claiming that the assessed values were in excess of the property's "market value." He also claimed that the property was assessed unequally in comparison to other agricultural property in the county, and other classes of property, and sought equalization.

The tax court found that the property was valued in excess of market value for both years. The correct market value of the property was $549,500 for January 2, 1983, and $494,550 for January 2, 1984. The court ordered that the 1984 assessment be reduced to the actual market value as determined by the court, and that all appropriate refunds be made to the taxpayer.

The court, however, refused to reduce the 1983 assessment, because it determined that in 1983, agricultural land was assessed at approximately 115% of market value in Freeborn County. This finding was based on an assessment/sales ratio study prepared by the Minnesota Department of Revenue. The court held that it could not reduce Kuiters' assessment to its market value because to do so would create an unconstitutional inequality in assessment levels of agricultural land in the county. The court also declined to equalize Kuiters' property with other agricultural property in the county because equalization would require Kuiters' assessment to be raised to 115% of market value. The court determined that for 1983, it did not have the power to raise assessments.[1] Finally, the tax court declined to equalize Kuiters' assessment with property in other classes.

Neither party disputes the factual findings as to the market value of Kuiters' property, or the finding that agricultural land in Freeborn County was assessed on average at 115% of market value. The only issue disputed on appeal is the tax court's refusal to reduce Kuiters' real estate assessment to the market value of the property. This issue presents a question of law. Therefore, we must review the decision of the tax court to see if its decision "was not in conformity with law" or if it committed an "error of law." Minn.Stat. § 271.10, subd. 1 (1986); *Red Owl Stores, Inc. v. Commissioner of Taxation,* 264 Minn. 1, 117 N.W.2d 401 (1962).

The tax court refused to reduce Kuiters' assessment to the market value of the property, holding that to do so would create an unconstitutional inequality in the taxing district. The tax court reasoned that valuing Kuiters' property at 100% of its market value, as required by Minn.Stat. §§ 273.11, subd. 1 (1986) and 278.01, subd. 1 (1986), while other property in the same class was valued on average at 115% of market value would violate the equal protection clause of the United States Constitution, amendment XIV, and the uniformity

---

1. *Cf.* 1986 Minn. Laws ch. 473, sec. 5, *codified at* Minn.Stat. § 278.05, subd. 1 (1986). The issue of the applicability of this provision is not before the court.

clause of the Minnesota Constitution, art. X, § 1.

The uniformity clause of the Minnesota Constitution provides: "Taxes shall be uniform upon the same class of subjects * * *." The equal protection clause provides: "No state shall * * * deny to any person within its jurisdiction the equal protection of the laws." We have held that the scope of protection afforded to individuals under these two provisions is identical. *Lund v. Hennepin County*, 403 N.W.2d 617, 619 (Minn.1987), *appeal dismissed*, —— U.S. ——, 108 S.Ct. 50, 98 L.Ed.2d 15 (1987). We have stated that "[t]he right to uniformity and equality is the right to equal treatment in the apportionment of the tax burden." *Hamm v. State*, 255 Minn. 64, 70, 95 N.W.2d 649, 654 (1959).

Uniformity of taxation must necessarily begin with the uniform valuation of property. Assessment practices which result in a taxpayer's property being valued "at a substantially higher percentage of its market value than is other property in the taxing district" violate the uniformity requirements of the state and federal constitutions. *In re Objection to Real Property Taxes*, 353 N.W.2d 525, 529 (Minn.1984). In *Dulton Realty Inc. v. State*, 270 Minn. 1, 132 N.W.2d 394 (1964) we addressed non-uniform assessment practices by assessors in various counties, who, at the time of *Dulton*, assessed properties for tax purposes at varying fractions of the properties' true market value. We held that such practices violated the uniformity and equal protection clauses, and we suggested legislative reforms to require assessors to value property at its true and full value. *Id.* at 21–22, 132 N.W.2d at 408. In 1967, the legislature amended Minn.Stat. § 273.11 to require that all property be valued at its "market value." 1967 Minn.Laws ch. 32, art. 7, sec. 3. The purpose of the change was to ensure that assessors valued property uniformly by requiring them to value all property at its "market value." *Johnson v. County of Ramsey*, 290 Minn. 307, 310–11, 187 N.W.2d 675, 677 (1971).

Minnesota Statute § 273.11, subd. 1 (1986) provides that, with several exceptions which do not apply here, "all property shall be valued at its market value." Minnesota Statute § 278.01, subd. 1 (1986) provides in part:

Any person having any estate, right, title, or interest in or lien upon any parcel of land, who claims that * * * the parcel has been assessed at a valuation greater than its real or actual value, or that the tax levied against the same is illegal * * * may have the validity of the claim, defense, or objection determined by the district court of the county in which the tax is levied or by the tax court * * *.

The statutory language is clear. The assessment of Kuiters' property in excess of its market value was a violation of the statutes. Kuiters filed a timely objection to the assessment and brought a proper action under section 278.01, subd. 1 to have the assessment reduced. The court determined that the market value of Kuiters' property for January 2, 1983 was $549,500 and the assessor valued the property at $601,200 in that year. Although we note that the prevailing economic conditions during the assessment years in question made it difficult for the county to accurately assess agricultural property, those conditions do not constitute a defense to a claim of overassessment under Minn.Stat. § 278.01, subd. 1 (1986).

We are not persuaded, as the tax court was, that the equal protection clause of the United States Constitution, amendment XIV, and the uniformity clause of the Minnesota Constitution, art. X, § 1 bar Kuiters' action to have his real estate assessment for 1983 reduced. This case is factually different from other cases in which we have applied these constitutional provisions. In our previous cases, taxpayers have raised these constitutional issues in unequal or discriminatory assessment cases. In all of the cases, the assessments were already less than the "market value" of the properties. *See e.g. In re McCannel*, 301 N.W.2d 910 (Minn.1980); *Johnson v. Ramsey County*, 290 Minn. 307, 187 N.W.2d 675 (1971); *Dulton Realty Inc. v. State*, 270 Minn. 1, 132 N.W.2d 394 (1964); *Hamm v. State*, 255 Minn. 64, 95 N.W.2d

649 (1959). It was necessary in those cases to depart from the statutory requirement of "market value" to ensure uniformity and equal treatment in the assessment of property for tax purposes. In *Hamm v. State,* we stated: "where it is impossible to secure both the standard of the true value, and the uniformity and equality required by law, the latter requirement is to be preferred as the just and ultimate purpose of the law." 255 Minn. at 70, 95 N.W.2d at 654 (quoting *Sioux City Bridge Co. v. Dakota County,* 260 U.S. 441, 446, 43 S.Ct. 190, 192, 67 L.Ed. 340 (1923)).

In the present case, Kuiters and other agricultural property owners were assessed at varying levels, most of which *exceeded* the market values of the properties. The tax court found that the average assessment was 115% of market value. Unlike the analysis in prior cases, we cannot ignore the statutory requirements. To do so would defeat the very purpose of those statutes, which is to provide constitutionally mandated uniformity in taxation by ensuring that all property is initially assessed on a uniform basis—its market value. If we were to adopt the position of the tax court, the continued viability of the right of action created by section 278.01, subd. 1, to correct overassessments would be doubtful. A taxpayer could not petition for a reduction if his or her property was overassessed unless the property was additionally assessed unequally in comparison to other property. We read section 278.01 subd. 1, to provide a right of action independently for both overassessment and unequal assessment claims.

We also note that the constitutional issue relied upon by the tax court was improperly raised in this case. The tax court does not have original jurisdiction to decide constitutional issues. *Erie Mining Co. v. Comm. of Revenue,* 343 N.W.2d 261, 264 (Minn.1984); *In re McCannel,* 301 N.W.2d 910, 919-20 (Minn.1980). The tax court acquires jurisdiction to decide all issues in a particular case, including constitutional issues, when the case is transferred to the tax court from the district court. *McCannel,* 301 N.W.2d at 920. However, plenary jurisdiction exists in the tax court only when "the constitutional issue is raised in the district court *before the case is transferred to the tax court." Id.* (emphasis added)

The record in the present case indicates that the district court, at the time it transferred the case, was unaware of the constitutional issue of the applicability of Minn.Stat. §§ 278.01, subd. 1 (1986) and 273.11, subd. 1 (1986). It appears that the issue was not raised until trial in the tax court. The proper procedures for such occurrence were set out in *Erie Mining, supra:*

> If any party raises a constitutional issue, the tax court should stay the proceedings and refer the constitutional question to the district court. The district court may either decide the constitutional issue, or refer the matter back to the tax court which will then have subject matter jurisdiction to rule initially on the constitutional issue.

343 N.W.2d at 264. These procedures were followed in *Nagaraja v. Comm. of Revenue,* 352 N.W.2d 373, 374 n. 1 (Minn.1984) and should have been followed in this case.

Finally, we reject the tax court's analysis that reducing Kuiters' assessment to the market value of the property while other agricultural property was assessed in excess of market value would create unconstitutional inequality in the taxing district. Other agricultural property owners in the county who were assessed at levels in excess of the market values of their property could have petitioned, as Kuiters did, for a reduction under Minn.Stat. § 278.01, subd. 1 (1986). This statutory remedy is the exclusive remedy available to taxpayers for relief of improper taxation. *Bethke v. County of Brown,* 301 Minn. 380, 223 N.W. 2d 757, 761 (1974). Their failure to exercise their statutory rights amounts to a waiver of those rights which cannot become a defense to granting relief to a taxpayer, such as Kuiters, who has exercised his rights.

The tax court erred in refusing to reduce the assessor's January 2, 1983 estimated market value for Kuiters' property to its

actual market value, as required by Minn. Stat. § 278.01, subd. 1 (1986).

Reversed and remanded for an order consistent with this opinion.