ZINTER, Justice
(concurring in result).
[¶ 24.] South Dakota Constitution Article XI, § 2 requires that “[t]axes shall be uniform on all property of the same class[.]” This “constitutional provision[] relating to equality and uniformity in taxation require[s] equality and uniformity in both rate and valuation or assessment.” W. Two Rivers Ranch v. Pennington Cnty., 2002 S.D. 107, ¶ 9, 650 N.W.2d 825, 827. “[I]ssues over equality and uniformity in taxation must focus on the particular county or taxing district involved.” Id. ¶10.
[¶ 25.] I agree that counties are taxing districts for purposes of applying Article XI, § 2. I also agree that the Minnesota Supreme Court is one authority for determining whether reassessment plans creating a temporary lack of uniform assessments violate state constitutional uni *904 formity clauses. See Bethke v. Brown Cnty., 301 Minn. 380, 223 N.W.2d 757 (1974); Johnson v. Ramsey Cnty., 290 Minn. 307, 187 N.W.2d 675 (1971). Unlike the Court, however, I read those eases to say that when the temporary lack of uniform assessments exist within any taxing district, which includes a county in South Dakota, temporary non-uniformity is not permitted.[5]
[¶ 26.] Nevertheless, the Minnesota decisions are not the only authority on this question. “The decisions of the various state courts that have had this question before them for determination are not at all uniform[.]” Skinner v. N.M. State Tax Comm’n, 66 N.M. 221, 224, 345 P.2d 750, 752 (1959). And in my view, the more persuasive authorities permit good-faith plans of tax equalization, commenced but not completed in a single year within a taxing district, as long as they are reasonable, short-lived, not arbitrary, and do not involve intentional discrimination. See supra ¶ 20 (citing authorities). I therefore concur in result.