## STATE EX REL. CITY OF HASTINGS v. DAKOTA COUNTY AND OTHERS.[1]

### April 11, 1919.

### No. 21,168.

**Statute — title of act.**

1. The provisions of section 3, chapter 183, of the Laws of 1913: "An Act giving cities of the fourth class situated in two or more counties exclusive power to expend all moneys arising from taxation for roads, bridges and streets upon the real and personal property within their corporate limits," are sufficiently expressed in the title of the act.

**Constitution — special legislation.**

2. Neither is chapter 183 invalid on the ground that it is in violation of section 33 of article 4 of the State Constitution, prohibiting, except in certain cases, special legislation.

Upon the relation of the city of Hastings, the district court for Dakota county granted its alternative writ of mandamus directed to Dakota county and the auditor and treasurer thereof, commanding that they pay all moneys arising from taxation for road, bridge and street purposes within the corporate limits of the city of Hastings, excepting state road and bridge tax, amounting to the sum of $6,967.50, into the treasury of said city. Defendants interposed a demurrer to the petition on the ground that the facts stated in the petition and alternative writ did not constitute a cause of action. From an order, Converse, J., overruling the demurrer and certifying that the question presented by the demurrer was important and doubtful, defendants appealed. Affirmed.

*P. H. O'Keefe,* County Attorney, for appellants.

*W. H. Gillitt,* City Attorney, for respondents.

[1]Reported in 171 N. W. 801.

QUINN, J.

The relator is a city of the fourth class operating under a home rule charter and is located in Dakota and Washington counties. Its governing body has the exclusive control, supervision and care of the streets and highways and the expenditure of all moneys arising from the taxation of real and personal property within the corporate limits for such purposes, except the state road and bridge tax. The individual defendants are respectively the auditor and treasurer of Dakota county. Between April 7, 1913, and December 5, 1917, the treasurer of Dakota county collected the sum of $6,967.50, arising from the taxation of real and personal property within the city in his county for streets and highways for the years 1912 to 1916 inclusive, which he refuses to pay or turn over to the treasurer of the city though requested so to do.

This action was brought to compel Dakota county to turn over to the city of Hastings the moneys so collected pursuant to the provisions of chapter 183 of the Laws of 1913. A demurrer was interposed to the petition, and from an order overruling the same this appeal was taken. The sole question for determination is the validity of chapter 183.

It is contended on behalf of the appellants that chapter 183 is in violation of section 33 of article 4 of the state Constitution, prohibiting, except in certain cases, special legislation, and that section 3 thereof is void as being contrary to the purpose expressed in the title of the act.

It is a well settled rule that a statute relating to persons or things as a class is a general law, and that one relating to particular persons or things of a class is special. Nichols v. Walter, 37 Minn. 264, 33 N. W. 800. A statute which is of general and uniform operation and operates alike upon all persons or things under the same circumstances, is not subject to the objection that it is special legislation. Railroad Co. v. Richmond, 96 U. S. 521, 24 L. ed. 734; Ex parte Sohncke, 148 Cal. 262, 82 Pac. 956, 2 L.R.A.(N.S.) 813, 113 Am. St. 236, 7 Ann. Cas. 475; Allen v. Pioneer-Press Co. 40 Minn. 117, 41 N. W. 936, 3 L.R.A. 532, 12 Am. St. 707; State v. Chicago, M. & St. P. Ry. Co. 114 Minn. 122, 130 N. W. 545, 33 L.R.A.(N.S.) 494, Ann. Cas. 1912B, 1030.

Chapter 183 provides, among other things, that:

"In all cities of the fourth class situated in two or more counties, the

common council or other governing body shall have exclusive power to expend all moneys arising from taxation for roads, bridges and streets upon the real and personal property within the corporate limits of such cities. G. S. 1913, § 1774. (Chapter 183, p. 234, § 1.)

"Such tax shall be levied and collected as other taxes are levied and collected, and when collected such taxes except the state road and bridge tax shall be paid by the respective counties into the treasury of such city. G. S. 1913, § 1775. (Chapter 183, p. 235, § 2.)

"The governing body of any such city shall have the control of all expenditures for roads, streets and bridges, within such city, and may at its pleasure expend moneys from the city road and bridge fund for building and repairing roads and bridges outside of its corporate limits." G. S. 1913, § 1776. (Chapter 183, p. 235, § 3.)

The statute is general in its application. It applies to all cities of the fourth class similarly situated. The money arising from taxation for street purposes comes from the city at large without regard to county lines. Public policy requires the expenditure of the same where most needed and to the best advantage of the city. It is essential 'that those in authority having the care and upkeep of the streets be enabled to expend its street funds without referring to the county lines within the city. To this end it is necessary that the tax from the different counties be paid into one fund in the city treasury from which it may be conveniently disbursed without unnecessary expense. The statute in question is in complete harmony with the idea of the local home-rule plan. We therefore hold that it is not special but general in its application, and valid.

Appellant's second contention is that section 3 of chapter 183 is void as being contrary to the purpose expressed in the title of the act. The title is: "An Act giving cities of the fourth class situated in two or more counties exclusive power to expend all moneys arising from taxation for roads, bridges and streets upon the real and personal property within their corporate limits." We find nothing embraced within the provisions of section 3 inconsistent or outside of the title of the act. The order appealed from is sustained and the cause remanded for further proceedings.

Affirmed.