## IN RE PETITION OF ALLEN H. STOLTZMANN v. COUNTY OF RAMSEY AND ANOTHER.

251 N. W. 2d 130.

February 18, 1977—No. 46488.

*William A. Stoltzmann,* for appellant.

*William B. Randall*, County Attorney, and *Thomas M. Quale* and *Steven C. DeCoster*, Assistant County Attorneys, for respondent county.

*Warren Spannaus*, Attorney General, and *Thomas E. Schmidt*, Special Assistant Attorney General, for respondent state.

MACLAUGHLIN, JUSTICE.

This is an appeal from a judgment of the district court refusing to change the assessment valuation of petitioner's real property, and awarding judgment to the County of Ramsey for the unpaid portion of the original amount of the 1973 real estate taxes on petitioner's property. The petitioner had claimed that the valuation of his property for the year 1973 should be reduced, with a resulting decrease in real estate taxes, because of a fire which substantially destroyed his homestead on April 29, 1973. Because we find no statutory authority for such midyear valuation reduction, we affirm the district court.

The parties submitted the case to the district court upon a stipulation as to the following facts. At all times material to this action, petitioner Allen H. Stoltzmann owned certain real property located at 625 North Winthrop in St. Paul, Ramsey County, Minnesota, on which a building was located and occupied as his homestead. On January 2, 1973, petitioner's property was valued by the county assessor at $39,000, an amount agreed by the parties to have been reasonable and accurate.

On April 29, 1973, a fire substantially destroyed the homestead, in consequence of which the reasonable market value of the property was reduced to $5,000. Shortly thereafter, repair and reconstruction of the premises began and continued during the next 6 months. By October 30, 1973, upon completion of the rebuilding, the property was restored to its original value of $39,000, and petitioner was able to reoccupy the premises.

After the fire, petitioner asked the assessor to reduce the assessment of his property for 1973 to reflect its diminished value

from April 29 to October 30, 1973. The assessor refused to change the amount of the assessment made on January 2, 1973, notwithstanding the fire damage, because Minn. St. 1974, § 273.01, provides that "[a]ll real property subject to taxation shall be listed and assessed every odd numbered year only with reference to its value on January 2 preceding the assessment * * *."[1]

Petitioner subsequently paid a portion of the general taxes and special assessments levied for 1973 and payable in 1974, as required by Minn. St. § 278.03 in order to preserve his right of appeal, and filed a petition for review thereof with the district court.

The district court concluded that the assessor's refusal to change the amount of the assessment of petitioner's property made on January 2, 1973, was in compliance with existing law, notwithstanding the fire damage, and did not violate the provisions of Minn. St. cc. 272 and 273, Minn. Const. art. 10, § 1,[2] or U. S. Const. Amend. XIV. The district court found that Ramsey County was entitled to the amount of the 1973 real estate taxes as originally determined.

■ The petitioner contends that the assessor is required by the applicable statutes to reduce immediately the valuation of a parcel of real property if it is substantially destroyed subsequent to its January 2 valuation as provided in Minn. St. 1974, § 273.01.

Petitioner argues that the statutory authority to make such

---

[1] Minn. St. 273.01 has been amended so that it presently provides in part: "All real property subject to taxation shall be listed and at least one-fourth of the parcels listed shall be appraised each year with reference to their value on January 2 preceding the assessment so that each parcel shall be reappraised at maximum intervals of four years. All real property becoming taxable in any year shall be listed with reference to its value on January 2 of that year."

[2] Minn. Const. art. 10, § 1, was numbered art. 9, § 1, until the 1974 amendment to the Constitution.

a reduction in value may be found in Minn. St. 1974, § 273.01, which provides in part:

"*All real property* subject to taxation *shall be listed and assessed every odd numbered year with reference to its value on January 2* preceding the assessment, and all real property becoming taxable any intervening year shall be listed and assessed with reference to its value on January 2 of that year. \* \* \* *The county assessor* or any assessor in any city of the first class *may* \* \* \* *correct any errors in valuation of any parcels of property, that may have been incurred in the assessment* \* \* \*. Not more than two percent of the total number of parcels in his jurisdiction may be corrected after the dates specified herein \* \* \*." (Italics supplied.)

Because the assessor is given authority to "correct any errors," petitioner claims that the assessor is required to change his valuation since the destruction of his homestead on April 29, 1973, obviously changed the value of petitioner's property as of that date. However, this provision of the statute is provided to give the assessor limited authority to correct errors when he has made a bona fide mistake with respect to his valuation as of January 2. This is made clear through the use of the words "that may have been incurred in the assessment" and by the limited authority to correct no more than 2 percent of the total number of parcels in the assessor's jurisdiction. If the legislature had intended this language to include authority to make corrections because of destruction or improvements, it would not have referred to "errors in valuation of any parcels of property, that may have been incurred in the assessment," and could easily have expressed such authority precisely and clearly.

Petitioner also relies upon the language of Minn. St. 1974, § 273.17, subd. 1,[3] which provides:

---

[3] Minn. St. 273.17, subd. 1, has been amended and presently provides in part: "In every year, on January 2, the assessor shall also assess all

*"In every even-numbered year, on January 2, the assessor shall also assess all real property that may have become subject to taxation since the last previous assessment,* including all real property platted since the last real estate assessment in the odd-numbered year, and all buildings or other structures of any kind, whether completed or in process of construction, of over $100 in value, the value of which has not been previously added to or included in the valuation of the land on which they have been erected. * * *

*"* * * In case of the destruction by fire, flood, or otherwise of any building or structure,* over $100 in value, which has been erected previous to the last valuation of the land on which it stood, or the value of which has been added to any former valuation, *the assessor shall determine, as nearly as practicable, how much less such land would sell for at private sale in consequence of such destruction,* and make return thereof to the auditor." (Italics supplied.)

Petitioner argues that the provision referring to the destruction of a building requires the assessor to revalue the property on which the building stood as of the date of the destruction. The county contends that the assessor's duty is to reassess such property only on the succeeding January 2, based upon its decreased market value on that date because of the damaged building.

Our interpretation of the statute supports the county's position. The intent of Minn. St. 1974, § 273.17, subd. 1, was to add to the tax rolls on January 2 of every even-numbered year all real property which had become subject to taxation since the previous assessment on January 2 of every odd-numbered year. Included would be property previously exempt and increases in property

---

real property that may have become subject to taxation since the last previous assessment, including all real property platted since the last real estate assessment, and all buildings or other structures of any kind, whether completed or in process of construction, of over $1,000 in value, the value of which has not been previously added to or included in the valuation of the land on which they have been erected. * * *"

valuation caused by buildings which were newly constructed or improved since the last assessment. Because of this provision, the assessor was not required to wait until January 2 of the next odd-numbered year to add the valuation of such property to the tax rolls.

As a counterpart to the authorization to add real property to the tax rolls on January 2 of even-numbered years, the second paragraph of Minn. St. 1974, § 273.17, subd. 1, directed the assessor to reduce the valuation of real property if a building or structure was destroyed from any cause. This reduction in assessment under the second paragraph of the statute was intended to take place only on January 2 of every even-numbered year, just as the addition of value under the first paragraph was to be made only on January 2 of even-numbered years.

Petitioner also relies on Minn. St. 273.12, which provides that the assessor, in estimating and determining the value of lands for tax purposes, must "consider and give due weight to every element and factor affecting the market value thereof" and must give due weight to "lands which are comparable in character, quality, and location, to the end that all lands similarly located and improved will be assessed upon a uniform basis and without discrimination."

Petitioner asserts that if the assessor fails to reduce the assessed valuation of real property destroyed subsequent to its initial valuation on January 2, he is not fulfilling his statutory duty to value lands "upon a uniform basis and without discrimination" since the factors considered by the assessor as of January 2 in a given year may change during the year. We do not agree with this reasoning, however, since petitioner's argument, if carried to its logical conclusion, would require the continual revaluation of all real property in order to obtain a completely accurate and up-to-date assessment.

Certainly, all factors considered by an assessor as of January 2 of a given year are not absolutely fixed for the entire year. However, the legislature has seen fit to set a single assessment

date as the most practical and reliable method of valuation of real property within the state. Since values fluctuate from day to day, it is essential that a fixed point in time be established, and that tax assessors and property owners be bound by that date.

In County of Martin v. Drake, 40 Minn. 137, 138, 41 N. W. 942, 943 (1889), Mr. Justice William Mitchell stated on behalf of this court:

"* * * All tax laws have to fix upon some particular date in the year at which to determine the taxability as well as the ownership and value of property, for purposes of assessment and taxation. Our revenue laws have fixed this at the 1st of May. * * * Real estate is assessed according to its value at that date, and the state has a lien for the tax from that date. Every man must pay taxes on what he then owns, and at its then value, no matter how short a time he may have owned it, or how soon thereafter it is lost. All property, if in being as taxable property at that date, is liable to taxation for that year at its then value, although it may only have come into being the day before, and may be in whole or in part destroyed the day after."

While some jurisdictions have specifically enacted provisions allowing tax relief to owners of destroyed property in the year of destruction,[4] most jurisdictions assess all real property on a fixed date for the reasons set forth in 3 Cooley, Taxation (4 ed.), § 1062, p. 2140:

---

[4] For example, Arizona and North Dakota provide for reduction in valuation upon petition or application. See, 13 Ariz. Rev. Stat. § 42-251; 11 N. D. Cent. Code, § 57-23-04.7. Arkansas, Iowa, and South Dakota allow for revaluation, abatement, or refund of taxes for loss not covered by insurance. See, 7B Ark. Stat. Ann. § 84-436; 24 Iowa Code Ann. § 445.62 (West); 4 S. D. Compiled Laws Ann. § 10-18-2(4). Indiana, California, and Hawaii provide for such relief only under circumstances where there is a major regional catastrophe or a certified natural disaster. See, Ind. Code Ann. § 6-1.1-4-11 (Burns); Cal. Rev. & Tax. Code § 155.1 (West); 3 Haw. Rev. Stat. § 234-4.

"* * * There are some inconveniences and inequalities resulting from this, but some regulation of the kind is indispensable. A force of tax officers cannot be kept employed for the year in watching the transfers of property, the movements of persons, and vicissitudes of business, in order to equalize the charges upon them; periodical assessments, if they produce injustice in one case, may correct it in the next, and on the whole are likely to be fair. At any rate, they constitute the best regulation the law can establish. * * * The legislature must adopt some practicable system; and this practicable system is found to be the one which has been indicated. * * * Changes in the ownership of property, or in the value after the periods of assessment, cannot be taken notice of in taxation until the time for a new assessment has arrived."

If any change is to be made in the procedure followed in Minnesota, as we have interpreted it herein, it must come from the legislature.

■ Petitioner questions the constitutionality of the determination that a taxpayer is entitled to no reduction in the valuation of his property due to the destruction of a building thereon, and cites Minn. Const. art. 10, and the equal protection clause of U. S. Const. Amend. XIV.[5]

The legislature has broad discretion in determining classes of property for tax purposes. See, e. g., Elwell v. County of Hennepin, 301 Minn. 63, 221 N. W. 2d 538 (1974). Here, however, the requirement that taxes be uniform on the same class of subjects is not an issue since no "class" was created by the legislature by these statutes, only a specified date for the assessment of real property.

---

[5] Art. 10, § 1, of the Minnesota Constitution states in part: "* * * Taxes shall be uniform upon the same class of subjects * * *." We have held that "* * * the standard of protection afforded by the Fourteenth Amendment is the same as that given by Minn. Const. art. [10], § 1, requiring that taxes be uniform upon the same class of subjects." General Mills, Inc. v. Div. of Employment and Security, 224 Minn. 306, 309, 28 N. W. 2d 847, 849 (1947).

Minn. St. 1974, § 273.01, and Minn. St. 1974, § 273.17, subd. 1, uniformly applied to the valuation of all real property upon a fixed date. Those statutes also uniformly applied to all those whose property was improved or destroyed during the year succeeding the date fixed in the statutes. There is no question, as stated in this opinion, that there are reasonable, rational, and logical reasons for providing such a uniform date. Therefore, the legislation is constitutional.

Affirmed.