MINNESOTA CABLE COMMUNICA-
TIONS ASSOCIATION, INC., et
al., Appellants,

v.

MINNESOTA CABLE COMMUNICA-
TIONS BOARD, Respondent.

No. 49921.

Supreme Court of Minnesota.

Feb. 15, 1980.

Larkin, Hoffman, Daly & Lindgren, James P. Miley and Ember D. Reichgott and Wendell R. Anderson, Minneapolis, for appellants.

Warren Spannaus, Atty. Gen., Robert Nardi and Stephen Befort, Asst. County Attys., St. Paul, for respondent.

WAHL, Justice.

Plaintiffs, Minnesota Cable Communications Association, a trade association of cable communications companies, and two individual companies, bring this appeal from a judgment of the Ramsey County District Court upholding the constitutionality of a statutory scheme under which, due to the operation of federal law on the cable communications industry, 6 of the 112 cable communications systems of the State of Minnesota are exempted from paying a one-percent state franchise fee levied upon the other 106 systems. We hold that, as applied, Minn.Stat. § 238.07 (1978) results in discriminatory taxation in violation of Article X, § 1, of the Minnesota Constitution, and reverse the judgment of the district court.

Defendant Minnesota Cable Communications Board (MCCB) has the duty of promoting, coordinating and regulating the development of cable television within the state of Minnesota, "consonant with policies, regulations and statutes of the federal government." Minn.Stat. § 238.01 (1978). Minn.Stat. § 238.07 provides for the funding of the MCCB by levying a fee determined by statutory formulae on each franchise cable communications company "according to an equitable formula" but includes a proviso that "in no case shall the amount collected pursuant to this section diminish the amount collected by the municipality from the cable communications company." See 4 M.C.A.R. § 4.213 (1978).

A Federal Communications Commission regulation requires that the combined franchise fee levied upon a cable communications company by both state and municipality shall not exceed five percent of the company's gross revenue. 47 C.F.R. § 76.31 (1978). Due to the operation of this federal

regulation, MCCB is not collecting any funds from six cable communications systems operating in the state because each of them pays five percent of its annual gross subscriber revenues to the franchising municipality in which it is located.[1] Plaintiffs, representing the 106 systems which fund the MCCB by their one-percent fee, brought this suit, arguing that the state statute and regulation violates the equal protection guarantees of the federal and state constitutions and Article X, § 1 of the Minnesota Constitution, which provides, "[t]axes shall be uniform upon the same class of subjects."[2]

We agree with plaintiffs that this case is governed by *State ex rel. City of New Prague v. County of Scott*, 195 Minn. 111, 261 N.W. 863 (1935). There, we held unconstitutional a statute which required Scott County to turn over to the City of New Prague road and bridge taxes collected by the county on property lying within the city. These funds, collected by the county for county purposes, could be used by the city for construction and repair of city streets; city dwellers would benefit unfairly:

> * * * the taxpayers of all other parts of the county will have to pay additional road and bridge taxes to the extent of the money so paid over to the city in order to raise the money required to make the county road and bridge fund sufficient to cover the county expense for road and bridge purposes.

195 Minn. at 116, 261 N.W. at 865. The court found a violation of the uniformity of taxation provision of the constitution. More recently, this court was invited, and declined, to overrule *New Prague*, demonstrating that we still consider it "manifestly improper to relieve some taxing units of a burden imposed on others for services rendered both." *Village of Burnsville v. Onis-* *chuk*, 301 Minn. 137, 148, 222 N.W.2d 523, 530 (1974).

In the statutory franchise fee scheme challenged here, six cable communications companies are relieved of a burden imposed on the other 106. This burden was legislatively intended to be borne by all the companies in an "equitable" manner. The classification excusing a certain few exists because of the operation of federal law and that clause of the state statute which forbids the state assessment from diminishing the amount collected by any municipality. The result amounts to the same kind of scheme outlawed in *New Prague*: It is as if the state collected the one-percent fee from all cable communications systems, but in six cases returned the funds to certain municipalities for their own use.

Defendant MCCB argues that the classification is consistent with the legislature's intent to promote the cable communications industry because it so arranges the burden of § 238.07 that the companies which are paying the ceiling franchise taxes permitted by the federal regulation escape the burden of the charge imposed in § 238.07 so that such companies are not disadvantaged financially by the charge imposed by that section. The federal regulation, however, ensures that cable communications companies will not be financially disadvantaged; it imposes a five-percent ceiling on franchise fees collected by both the municipality and the state government. The six cable communications companies currently not paying the state franchise fee would surely be no worse off paying one percent of their gross earnings to the state and four percent to their local municipalities than they are now, paying the full five percent to the municipalities. The legislature may legitimately seek to promote revenue-raising measures of the municipalities, but it should

---

1. The parties stipulated that at least some of the municipalities charging five percent do not use the revenue they receive for regulation of cable communications.

2. Defendant MCCB argues that the charge imposed by § 238.07 is not a tax but a "fee," hence the uniformity clause of the Minnesota Constitution is not applicable. However, this court has interpreted the uniformity requirement as coextensive with the equal protection guarantee. *See Stoltzmann v. County of Ramsey*, 312 Minn. 186, 251 N.W.2d 130 (1977); *Reed v. Bjornson*, 191 Minn. 254, 253 N.W. 102 (1934).

not do so by imposing on only some cable communications companies the cost of regulatory activities enjoyed by all.

Ordinarily, we seek to preserve the remainder of a statutory scheme by severing the unconstitutional part, in this case that clause of Minn.Stat. § 238.07 which assures that the amount collected by the state will not diminish the amount collected by any municipality. Here, however, we find that severance is not possible on the facts and circumstances of this case, where any relief we could grant would defeat the legislative intent or violate federal law. We therefore strike down § 238.07 in its entirety.

Reversed.

TODD, J., took no part in the consideration or decision of this case.